[L. A. No. 25993. In Bank. Apr. 20, 1961.]

HAROLD R. FREEMAN, Respondent, v. GEORGE E. GOLDBERG et al., Appellants.

Low & Stone, Leonard Low, Joseph Stone and Albert G. Bergman for Appellants.

Carl S. Kegley for Respondent.

GIBSON, C. J.—This is an appeal by defendants from an order vacating a previous order which denied plaintiff's motion to tax costs.

The order appealed from was entered in an action dismissed pursuant to section 834 of the Corporations Code. The section provides that in a suit brought in the right of a corporation by a holder of shares or voting trust certificates representing shares, the court may require the plaintiff to furnish security for reasonable expenses, including attorney's fees, that may be incurred by the defendant and shall dismiss the suit if the security is not furnished. A blank space for the costs to be awarded was left in the judgment of dismissal, and within ten days after entry of the judgment, on August 25, 1958, defendants served plaintiff with a memorandum of costs and disbursements in the amount of $7,651, including $7,500 for attorney's fees. A motion to tax costs was not filed within five days after the service of a copy of the memorandum of costs as provided in section 1033 of the Code of Civil Procedure, and the clerk filled in the amount of $7,651 as costs in the blank space left in the judgment.[1]

On September 4, 1958, the clerk of the court received by mail a notice of motion, dated August 28, 1958, to tax the specified items of cost including the amount of $7,500 for

---

[1]Section 1033 provides that within ten days after entry of judgment the winning party must serve and file a memorandum of costs, that any party dissatisfied with the costs claimed "may, within five (5) days after the service of a copy of the bill of costs, file a motion to have the same taxed," and that the clerk or judge "must include in the judgment . . . costs, if the same have been taxed or ascertained."

attorney's fees. When the motion came on for hearing on September 12, plaintiff argued there was no authority in law for awarding attorney's fees as costs in this kind of action. Defendants opposed the motion on the ground that it had not been filed in time and called the attention of the court to the fact that the envelope containing the notice bore a postmark of September 2, three days after the expiration of the five-day period specified in section 1033. Plaintiff's request for a continuance to investigate the facts and present an explanation to the court was refused, and his motion was denied.

On November 26, 1958, plaintiff filed a notice of motion, based on section 473 of the Code of Civil Procedure, that the judgment and the order denying the motion to tax costs be vacated, and that a corrected judgment be entered that would not include any award of attorney's fees.[2] This motion was supported by an affidavit in which the secretary of plaintiff's attorney stated that on Friday, August 29, the fourth day after the memorandum of costs was served on plaintiff, she deposited in a certain mailbox the notice of the motion to tax costs sent to the clerk and the copy of the notice sent to the attorney for defendants, that the deposit was made prior to 5:48 p.m., the hour designated on the box as the time for the last daily collection and that several mail collections were designated for Saturdays. She stated further that after she was informed that the notice had not been received by the clerk until September 4, she ascertained from postal employees that, although Fridays and Saturdays were designated as days for collection at the mailbox in question, collections were frequently not made on those days. Monday, September 1, was Labor Day. A letter from the postmaster was filed which stated that mail was customarily collected at the mailbox in question on Saturdays but it was possible that mail deposited at the beginning of the Labor Day weekend remained in the box until the morning of September 2. An affidavit by plaintiff's attorney stated that he was not in a position on September 12 to present the facts regarding the mailing of the notice, that defendants had suffered no prejudice as a result

---

[2]Section 473 of the Code of Civil Procedure provides in part: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken."

of what had occurred and that there was no basis in law for the award of attorney's fees.

No counteraffidavits were filed by defendants, and plaintiff's motion to vacate was granted.

 The question whether plaintiff made a sufficient showing to warrant the granting of relief under section 473 must be determined in the light of the established rule that a trial court has broad discretion in passing upon such a motion and that its ruling will not be disturbed on appeal unless an abuse of discretion clearly appears. (*Beard* v. *Beard,* 16 Cal.2d 645, 647 [107 P.2d 385]; *McNeil* v. *Blumenthal,* 11 Cal.2d 566, 567 [81 P.2d 566].) The motion to vacate was made within two and one-half months after plaintiff learned that his motion to tax costs had been denied. While it would have been preferable if plaintiff had given a clearer explanation for his delay in making the motion to vacate (*Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523, 532 [190 P.2d 593]), we cannot say that the court abused its discretion in concluding that under all the circumstances the motion was made within a reasonable time.

 It is contended that the motion to vacate was defective in that it was not accompanied by a copy of the motion to tax costs. The provision in section 473 that a motion made thereunder shall not be granted unless accompanied by a copy of "the answer or other pleading proposed to be filed therein" is meaningful where, as is commonly true, the judgment or order sought to be vacated has been entered because of the absence of a pleading. A different situation is presented here. Plaintiff made his motion to tax costs but not in time, and the effect of the order appealed from was to revive the motion. In these circumstances the trial court was not required to deny the motion to vacate because it was not accompanied by a copy of the motion to tax costs.

The parties have argued at some length the question whether attorney's fees may properly be taxed as costs upon the dismissal of an action pursuant to section 834 of the Corporations Code for failure to furnish security for reasonable expenses including attorney's fees, and, since the trial court must now pass upon this issue, it is appropriate that we should express our views on the subject.

 Ordinarily, a successful litigant is not entitled to attorney's fees as costs in the absence of special statutory authorization. (Code Civ. Proc., § 1021; *Anger* v. *Borden,* 38 Cal.2d 136, 145 [238 P.2d 976]; *Estate of Marré,* 18 Cal.2d

191, 192 [144 P.2d 591].) Defendants assert that such authorization with respect to this kind of action is set forth by the provision of section 834 of the Corporations Code relating to the furnishing of security by the plaintiff to cover attorney's fees incurred by the defense. ■ Although the section provides that a defendant ''shall have recourse to such security in such amount as the court shall determine upon the termination of such action,'' it contains no provision for an award of attorney's fees where, as here, security is not furnished and the action is dismissed on that ground. Since the liability and remedy are created by statute, there can be no recovery except by recourse to the security as provided by the statute. (See Ballantine, *Shareholders Derivative Suits* (1949), 37 Cal. L. Rev. 399, 405.)

The order appealed from is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.