[No. C044535. Third Dist. Aug. 23, 2005.]

RAJ SINGH, Plaintiff and Appellant, v.
STEPHEN LIPWORTH et al., Defendants and Respondents.

**COUNSEL**

Raj Singh, in pro. per.; Kravitz Law Office and Jeffrey S. Kravitz for Plaintiff and Appellant.

Finley & Deaton and Steven C. Finley for Defendants and Respondents.

## Opinion

**DAVIS, Acting P. J.**—Plaintiff Raj Singh appeals from an order dismissing his action against defendants Stephen Lipworth, Southgate Professional Condominium Owners Association, Southgate Professional Center, and Allied Trustee Services, Inc. (defendants) after he was declared a vexatious litigant and failed to post the required security. (Code Civ. Proc., §§ 391, 391.4.)[1] He contends that the order requiring him to post security to cover defendants' potential attorney fees was in error because there is no contractual or statutory provision authorizing defendants to recover attorney fees from him.[2] As we explain, the vexatious litigant statute itself authorizes an award of attorney fees against an unsuccessful vexatious litigant. (§§ 391–391.7.) Consequently we affirm the order of dismissal.

### Facts and Proceedings

Plaintiff filed a complaint against defendants alleging causes of action for fraud and breach of fiduciary duty. Several defendants moved to declare plaintiff a vexatious litigant and for an order requiring him to post security. The court granted the motion and ordered plaintiff to post $12,000 in security based on the amount of attorney fees already incurred by defendants. When plaintiff failed to post the security, his action was dismissed.

### Discussion

Plaintiff argues that the court had no authority to require him to post security to pay for defendants' attorney fees because there was no contractual agreement between the parties allowing for such fees in the event of litigation, and no statute authorizes such an award in this case. Plaintiff is mistaken because the vexatious litigant statute itself allows for the recovery of attorney fees, as a review of its language and historical development reveals.

---

[1] Further undesignated section references are to the Code of Civil Procedure.

[2] In his opening brief, plaintiff raised no issue regarding the amount of security ordered, instead limiting his argument to the court's authority to require security for attorney fees. The sole issue raised in plaintiff's petition for rehearing is the claim that the trial court's authority to order security for attorney fees is limited to *recoverable* attorney fees. We granted rehearing to respond to this issue. In his subsequently filed brief on rehearing, plaintiff requests that we issue an opinion "clarifying" seven issues that have yet to be addressed in any published appellate decision. Since these and the other issues identified in plaintiff's brief on rehearing were not earlier raised and are unaccompanied by an explanation for the delay, they are forfeited. (Cf. *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 [265 Cal.Rptr. 788] [points raised for the first time in a reply brief (other than those which are strictly responsive to arguments in the respondent's brief) are waived, unless the appellant shows good cause for not raising them in his or her opening brief].) We also decline to consider these issues because they call for an advisory opinion on hypothetical facts. (*People v. Slayton* (2001) 26 Cal.4th 1076, 1084 [112 Cal.Rptr.2d 561, 32 P.3d 1073].)

■ "The vexatious litigant statute (§§ 391–391.7) was enacted in 1963 to curb misuse of the court system by those acting in propria persona who repeatedly relitigate the same issues. Their abuse of the system not only wastes court time and resources but also prejudices other parties waiting their turn before the courts. [Citations.] [¶] The statute defines a 'vexatious litigant,' provides a procedure in pending litigation for declaring a person a vexatious litigant, and establishes procedural strictures that can be imposed on vexatious litigants. A vexatious litigant may be required to furnish security before proceeding with the pending litigation; if that security is not furnished, the litigation must be dismissed. (§§ 391.3, 391.4.)" (*In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008 [64 Cal.Rptr.2d 679].)

■ Section 391.1 permits a defendant to move for an order requiring a plaintiff to post security.[3] Under section 391.3, if the court determines that the plaintiff is a vexatious litigant and has no reasonable probability of prevailing, it shall require the plaintiff to post security.[4] Section 391, subdivision (c), defines "security" as follows: " 'Security' means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, *including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.*" (Italics added.)

■ The rules governing our review of these provisions are well settled. "We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] 'In determining intent, we look first to the language of the statute, giving effect to its "plain meaning." ' [Citations.] . . . Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citation.]"

---

[3] Section 391.1 provides: "In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant."

[4] Section 391.3 provides: "If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix."

(*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672]; see § 1858.)[5]

■    Sections 391, subdivision (c), 391.1, and 391.3, read in pari materia, require a vexatious litigant to post security, which includes reasonable attorney fees, when he fails to establish a reasonable probability of prevailing against the defendant. Contrary to plaintiff's assertion, there is nothing in the language of these provisions that limits security to attorney fees that defendant *may recover* if it is the successful party. In order for plaintiff's contention to have merit, we would have to add the word "*recoverable*" to "attorney's fees" in section 391, subdivision (c). We decline to effect such a judicial amendment to the statute.

■    Another indication that the Legislature intended section 391, subdivision (c) to be construed expansively is found in its language specifying that the "reasonable expenses" of the party for whom the security is posted are "not limited to taxable costs." Taxable costs include attorney fees when authorized by contract, statute, or law. (§ 1033.5, subd. (a)(10).) Nontaxable costs, conversely, would include attorney fees *not* authorized by contract, statute, or law. By permitting the court to include nontaxable costs in an order for security, the Legislature has implicitly rejected the argument plaintiff makes.

■    And unless a contrary intention clearly appears, we presume the Legislature intends that a statute based on another statute covering a similar subject and using substantially similar language be similarly construed. (*People v. Jones* (2001) 25 Cal.4th 98, 114 [104 Cal.Rptr.2d 753, 18 P.3d 674] (*Jones*).) The vexatious litigant statute at issue here was modeled after a statute that provided for attorney fees.

As enacted in 1963 (Stats. 1963, ch. 1471, § 1, pp. 3038–3039), the vexatious litigant statute was modeled after former section 834 of the Corporations Code (Stats. 1959, ch. 2008, § 1, p. 4648), which permitted a corporation or any defendant in a shareholder's derivative action to move for an order requiring the plaintiff to furnish security for attorney fees and

---

[5] Section 1858 provides: "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all."

litigation expenses on the ground that there was no reasonable probability that the prosecution of the cause of action against the moving party would benefit the corporation or its security holders. (*Taliaferro v. Hoogs* (1965) 236 Cal.App.2d 521, 525–526 [46 Cal.Rptr. 147] (*Taliaferro*); Rawles, *The California Vexatious Litigant Statute: A Viable Judicial Tool to Deny the Clever Obstructionists Access?* (1998) 72 S.Cal. L.Rev. 275, 284–285.)

In *Beyerbach v. Juno Oil Co.* (1954) 42 Cal.2d 11 [265 P.2d 1] (*Beyerbach*), former Corporations Code section 834 withstood a multifaceted constitutional attack, with the Supreme Court explaining that "so long as the basis of the classification is reasonable, the Legislature can provide that in various types of action *only a successful plaintiff or appellant can recover attorneys' fees* or only a defendant can appeal. [Citations.]" (*Beyerbach, supra,* 42 Cal.2d at p. 22, italics added; see 8 Witkin, Summary of Cal. Law (9th ed. 1988) Constitutional Law, § 686, p. 155 [examples of unilateral attorney fee-shifting statutes].)

Nine years later, in *Freeman v. Goldberg* (1961) 55 Cal.2d 622 [12 Cal.Rptr. 668, 361 P.2d 244] (*Freeman*), the court held that a defendant could not recover attorney fees where the plaintiff shareholder failed to post the required security, and reiterated that former Corporations Code section 834 provided the independent statutory authority for such fees. The court wrote: "Although the section provides that a defendant 'shall have recourse to such security in such amount as the court shall determine upon the termination of such action,' it contains no provision for an award of attorney's fees where, as here, security is not furnished and the action is dismissed on that ground. *Since the liability and remedy are created by statute, there can be no recovery except by recourse to the security as provided by the statute.* [Citation.]" (*Freeman, supra,* 55 Cal.2d at p. 626, italics added.)

As originally enacted, the vexatious litigant statute, like former Corporations Code section 834, provided that "security" must be sufficient to assure payment of the secured party's "reasonable expenses, including attorney's fees and not limited to taxable costs, . . ." (§ 391, subd. (c), as added by, Stats. 1963, ch. 1471, § 1, p. 3038), and that "[u]pon the termination of the litigation the defendant shall have recourse to the security in such amount as the court shall determine" (former § 391.5, as added by Stats. 1963, ch. 1471, § 1, p. 3039).

Like former Corporations Code section 834, the vexatious litigant statute was subjected to a spirited constitutional attack, first in *Taliaferro, supra,* 236 Cal.App.2d at pages 525–529, where the Court of Appeal, relying principally on *Beyerbach*, rebuffed the challenge, and later, in *Muller v. Tanner* (1969) 2 Cal.App.3d 445 [82 Cal.Rptr. 738], where the Court of Appeal was at times confronted with a word-by-word assault on the vexatious litigant statute (*id.* at pp. 451–453).

In 1982, the Legislature repealed section 391.5 (Stats. 1982, ch. 517, § 100, p. 2336) in conjunction with the enactment of section 996.460 (Stats. 1982, ch. 998, § 1, p. 3677), to centralize the procedural provisions governing bonds and undertakings, pursuant to the same recommendation concerning Corporations Code section 800, the statutory successor to former Corporations Code section 834.[6] (Recommendation Relating to Statutory Bonds and Undertakings (Nov. 1981) 16 Cal. Law Revision Com. Rep. 501, 507–508, 570, 583.)

■ Since similar statutes are to be similarly construed, unless a contrary intent clearly appears (*Jones, supra,* 25 Cal.4th at p. 114), and no such intent appears, it follows that section 996.460, when read in conjunction with sections 391, subdivision (c), 391.1 and 391.3, authorizes an award of attorney fees in favor of a defendant from the security posted by the unsuccessful vexatious litigant without requiring an additional statutory or contractual basis for the award. In the words of *Freeman,* "the liability and remedy are created by [the] statute . . . ." (*Freeman, supra,* 55 Cal.2d at p. 626.)

■ We are persuaded that the vexatious litigant statute, both by its terms and history, provides an independent statutory basis for awarding attorney fees to a defendant in an action prosecuted by a vexatious litigant, and as such supports the court's decision to require security from plaintiff.

---

[6] Section 996.460 provides: "(a) Notwithstanding Section 2845 of the Civil Code, a judgment of liability on a bond shall be in favor of the beneficiary and against the principal and sureties and shall obligate each of them jointly and severally.

"(b) The judgment shall be in an amount determined by the court.

"(c) A judgment that does not exhaust the full amount of the bond decreases the amount of the bond but does not discharge the bond. The liability on the bond may be enforced thereafter from time to time until the amount of the bond is exhausted.

"(d) The judgment may be enforced by the beneficiary directly against the sureties. Nothing in this section affects any right of subrogation of a surety against the principal or any right of a surety to compel the principal to satisfy the judgment."

## DISPOSITION

The order of dismissal is affirmed.

Hull, J., and Robie, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 16, 2005.