[No. B187489. Second Dist., Div. Eight. Feb. 16, 2007.]

JOHN LUCKETT, Plaintiff and Appellant, v.
JOHN KEYLEE et al., Defendants and Respondents.

920

COUNSEL

John Luckett, in pro. per., for Plaintiff and Appellant.

Wildish & Nialis and Carl J. Pentis for Defendants and Respondents.

OPINION

RUBIN, J.—Plaintiff John Luckett appeals from the order awarding attorney's fees of $3,500 to defendants John Peter Lee, John Peter Lee, Ltd., and Trevor J. Hatfield after Luckett's complaint was dismissed for failure to post a vexatious litigant's bond. (Code Civ. Proc., § 391.7.) Because attorney's fees are not recoverable under that statute when a complaint is dismissed solely for the failure to post the required bond, we hold that the trial court erred by awarding fees on that basis. The order is therefore reversed to the extent it awarded defendants their attorney's fees, but is affirmed as to the award of costs.

## FACTS AND PROCEDURAL HISTORY

In 1991, John Luckett was declared a vexatious litigant pursuant to Code of Civil Procedure section 391.7.[1] (*In re Luckett* (1991) 232 Cal.App.3d 107, 110 [283 Cal.Rptr. 312] (*Luckett*).) As required by subdivision (a) of section 391.7, Luckett, acting in propria persona, sought leave of court in March 2005 to file an action against John Peter Lee, John Peter Lee, Ltd., and Trevor J. Hatfield (respondents).[2] The proposed complaint alleged that respondents, who are Nevada lawyers, improperly sought to enforce a Nevada state court judgment against Luckett. Because the trial court believed that documents attached as exhibits to Luckett's complaint did not show that Luckett was in fact affected by the Nevada judgment and enforcement proceedings, the trial court concluded Luckett's action lacked merit, and ordered Luckett to post a $25,000 bond, as authorized by the vexatious litigant statutes.[3]

---

[1] All further undesignated section references are to the Code of Civil Procedure. Although we discuss the vexatious litigant statutes in detail *post*, in general terms they apply to self-represented plaintiffs who relitigate the merits of actions they lost, or who continually file meritless motions or pleadings. When such plaintiffs bring a new action, the court may require them to post security for the defendant's costs and attorney's fees. (§§ 391–391.7.)

[2] Also named as proposed defendants were John Keylee and Eddie Gulbenkian. They were not parties to the proceedings below and are not parties to this appeal.

[3] Respondents challenged the existence of personal jurisdiction by the California courts, and specially appeared in this action.

After the court denied Luckett's motion for reconsideration, he petitioned this court for a writ of mandate, contending there were documents showing he had been targeted by the Nevada judgment enforcement proceedings. Based on documents supporting that contention, we ruled that the trial court erred by denying the motion for reconsideration and issued a *Palma*[4] notice that we would issue a peremptory writ unless the trial court granted Luckett's motion for reconsideration. Because our ruling was based solely on the trial court's mistaken factual assumption, we made clear that when reconsidering the motion, the trial court was free to determine for itself whether Luckett's proposed complaint lacked merit and was filed for purposes of harassment or delay. If the trial court proceeded as suggested within 13 days, we would not issue a peremptory writ, and a stay of any bond order would be lifted at that time.

In response to our *Palma* notice, the trial court reconsidered whether Luckett should post a vexatious litigant's bond. The court concluded there might be merit to some but not all of Luckett's claims. It also noted that the 1991 *Luckett* decision, which determined that Luckett was a vexatious litigant, was based in part on his plethora of frivolous motions. The trial court in this action said Luckett was repeating that conduct: "In the instant case, in a matter of three weeks, plaintiff has again shown indicators of precisely this same conduct. Indeed, this court and specially appearing defendants have received repetitive and duplicate filings and motions on almost a daily basis. More than one of these purported motions are of questionable validity, running the gamut from a lack of standing (attacking the timing of defendants' payment of filing fees for their special appearance), seeking sanctions in sums totaling $500,000 for the 'stress' allegedly inflicted upon him by defendants' special appearance, and because a second pending case filed by plaintiff has, apparently, now been dismissed by a Nevada court." As a result, defendants were required to respond to these motions, justifying an order to post security. Taking Luckett's claimed indigency into account, the court ordered him to post security of $3,500.

Luckett never posted the bond. Instead, he filed and served his complaint and entered respondents' defaults. Respondents moved to vacate the defaults because the bond had never been posted, and the complaint should therefore never have been filed. The trial court agreed, vacated the defaults, and dismissed Luckett's complaint based on his failure to post the required bond. Respondents later sought to recover their costs and attorney's fees based on the dismissal of Luckett's complaint, pursuant to section 391.7. Even though respondents sought attorney's fees of nearly $26,000, the court limited respondents' fee recovery to the amount of the $3,500 bond that Luckett

---

[4] *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].

failed to post. The court also awarded respondents more than $1,400 in costs. Luckett appealed, contending the trial court erred by ordering him to pay attorney's fees in the amount of the bond he should have posted.

## DISCUSSION

■ The vexatious litigant statutes (§§ 391–391.7) were enacted in 1963 to restrain misuse of the legal system by self-represented parties who continually relitigate the same issues. (*Singh v. Lipworth* (2005) 132 Cal.App.4th 40, 44 [33 Cal.Rptr.3d 178] (*Singh*).) A vexatious litigant is someone who, while representing himself, either brought and lost at least five actions in the preceding seven years, attempted to relitigate an action he had lost, repeatedly filed meritless motions, pleadings, or papers, or had previously been declared a vexatious litigant by another court. (§ 391, subd. (b)(1)–(4).) Upon motion by a defendant in a pending action, and a showing that there is no reasonable probability a vexatious litigant will prevail in an action, the court may order the plaintiff to post security to cover the defendant's costs and attorney's fees. If the security is not posted, the action will be dismissed. (§§ 391.1–391.4; *Singh, supra,* at pp. 44–45, 47.)

■ Section 391.7 permits a court, acting on its own motion or that of a party, to enter a *prefiling* order which prohibits a vexatious litigant from filing a new action without first obtaining leave of court. (§ 391.7, subd. (a).) The new action may be filed only if it appears to have merit and was not brought for the purposes of harassment or delay. Such an action may still be subject to an order to post security pursuant to section 391.3. (§ 391.7, subd. (b).)[5] When such a prefiling order has been issued, the clerk may not file the action without an order from the court allowing the plaintiff to file his complaint. If the clerk mistakenly permits the filing of an action without such an order, upon filing of a proper notice by any party, the action may be stayed for 10 days until permission to file is granted. If the plaintiff does not then obtain the order, the action will be dismissed. (§ 391.7, subd. (c).) A vexatious litigant who disobeys a prefiling order may be punished for contempt of court. (§ 391.7, subd. (a).)

The *Singh* court considered an appeal from a vexatious litigant whose action had been dismissed because he failed to post the required security under section 391.3. The plaintiff argued that he could not be required to post security for the defendant's attorney's fees unless some independent statutory or contractual basis for awarding such fees existed. The *Singh* court disagreed, interpreting the vexatious litigant statutes as an independent and

---

[5] Section 391.3 provides that after the court hears the evidence and determines that the plaintiff is a vexatious litigant whose action has no reasonable probability of success, the court shall order the plaintiff to furnish security for the defendant's benefit.

self-executing basis for awarding fees from previously posted security whenever a vexatious litigant pursued and lost an action that had been found to lack merit under sections 391 through 391.4. (*Singh, supra*, 132 Cal.App.4th at pp. 45–47.) According to the *Singh* court, the liability and the remedy were created by the vexatious litigant statutes, which authorized an attorney's fees award in favor of a successful defendant from the security posted by a vexatious litigant. (*Id.* at p. 47.)[6]

After finding that some portions of Luckett's complaint had merit, the trial court ordered Luckett to post security of $3,500 pursuant to section 391.7. When it dismissed Luckett's complaint for failing to do so, the court ordered him to pay respondents' attorney's fees in the amount of the unposted bond. Because *Singh* interpreted the vexatious litigant statutes to authorize an attorney's fees award from the plaintiff's security, the trial court reasoned that Luckett should be liable for respondents' fees in the amount of the bond he failed to post. Luckett contends the statute does not authorize an award of attorney's fees where an action is dismissed for the failure to post security for such fees in the first instance. He is correct.

■ Because we are interpreting a statute, the rules of statutory construction apply. " 'The fundamental rule of statutory construction is to ascertain the intent of the Legislature in order to effectuate the purpose of the law. . . . In doing so, we first look to the words of the statute and try to give effect to the usual, ordinary import of the language, at the same time not rendering any language mere surplusage. The words must be construed in context and in light of the nature and obvious purpose of the statute where they appear. . . . The statute " 'must be given a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the Legislature, practical rather than technical in nature, and which, when applied, will result in wise policy rather than mischief or absurdity. . . .' " . . . If the language of a statute is clear, we should not add to or alter it to accomplish a purpose which does not appear on the face of the statute or from its legislative history.' [Citation.] Statutes must be harmonized, both internally and with each other. [Citation.]" (*Pang v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 994 [94 Cal.Rptr.2d 643].) When interpreting a statute based on another that covers a similar subject and uses similar language, we presume the Legislature intended that both be similarly construed unless a contrary intention clearly appears. (*Singh, supra*, 132 Cal.App.4th at p. 45.)

---

[6] *Singh* reached this result by interpreting the vexatious litigant statutes in light of section 996.460, governing liabilities on bonds, which was enacted to replace former section 391.5. Former section 391.5 read, in relevant part, that " '[u]pon the termination of the litigation the defendant shall have recourse to the security in such amount as the court shall determine.' " (*Singh, supra*, 132 Cal.App.4th at pp. 46–47, & fn. 6.)

The vexatious litigant statutes were modeled after former section 834 (now § 800) of the Corporations Code, which permitted defendants in shareholder derivative actions to move for an order requiring the plaintiff to post a bond as security for costs and attorney's fees on the ground that there was no reasonable probability the action would benefit the corporation. (*Singh, supra,* 132 Cal.App.4th at pp. 45–46.) Although Corporations Code former section 834 provided that the defendant could have recourse to the plaintiff's security to cover its reasonable costs and attorney's fees, the statute did not provide for attorney's fees where the bond was not posted and the action was dismissed on that basis. (*Singh, supra,* at p. 47, citing *Freeman v. Goldberg* (1961) 55 Cal.2d 622, 626 [12 Cal.Rptr. 668, 361 P.2d 244].) In short, even though *Singh* held that attorney's fees could be paid from the unsuccessful vexatious litigant's bond at the conclusion of the litigation, it said, albeit by way of dicta, that such fees were not available when a vexatious litigant's action was dismissed for failing to post any bond at all.

■ Nothing in section 391.7 or the rest of the vexatious litigant statutes authorizes payment of a defendant's attorney's fees when the plaintiff's action was dismissed for his failure to post security. Instead, the statutes authorize dismissal of the action (§§ 391.4, 391.7, subd. (c)), and the possibility of a civil contempt proceeding for filing an action in disobedience of a prefiling order. (§ 391.7, subd. (a).) A party found in contempt for disobeying a court order may be fined up to $1,000 and ordered to pay the attorney's fees of a party who brings a contempt motion, *with the fees limited to those incurred in connection with the contempt motion.* (§ 1218, subd. (a); *Trans-Action Commercial Investors, Ltd. v. Firmaterr, Inc.* (1997) 60 Cal.App.4th 352, 366, 371 [70 Cal.Rptr.2d 449].) Full compensation of attorney's fees incurred due to frivolous or meritless pleadings and motions is provided by section 128.7. (60 Cal.App.4th at p. 367 [noting that sanctions under § 128.5, and later under section 128.7, were intended to address a Supreme Court decision holding that attorney's fees were not recoverable in civil contempt proceedings].) Respondents did ask the trial court to consider a civil contempt proceeding, but the court did not do so.[7] They do not contend, and the record does not show, that they ever moved for sanctions under section 128.7.[8]

[7] Respondents ask us to salvage their attorney's fees award under the contempt provisions of section 391.7. Because the procedural requirements for a contempt order were never followed (see §§ 1211, subd. (b), 1211.5, 1217, 1218, subd. (a)), we cannot do so. However, our decision does not preclude respondents from seeking a contempt order upon remand.

[8] Given the safe harbor provisions of section 128.7, which require giving the party to be sanctioned 21 days' notice to withdraw the offending pleading or motion before moving for sanctions (§ 128.7, subd. (c)(1)), and the fact that the offending complaint has already been dismissed, respondents may be precluded from obtaining sanctions under that provision. Section 128.7 has its own set of unique procedural features, and we do not address their applicability

Given the similarity between section 391.7 and Corporations Code former section 834, and the absence of any language in the vexatious litigant statutes authorizing an award of attorney's fees when a complaint is dismissed because the plaintiff failed to post security, we decline to add such language to its provisions. (*Singh, supra,* 132 Cal.App.4th at pp. 45–47; *Pang v. Beverly Hospital, Inc., supra,* 79 Cal.App.4th at p. 994.)[9] Accordingly, we reverse the order to the extent it awarded respondents their attorney's fees.[10] Because the action was dismissed in respondents' favor, however, they were the prevailing parties and were entitled to their costs. (§ 1032, subds. (a)(4), (b) [prevailing party is entitled to costs as a matter of right, and a defendant in whose favor a dismissal is entered is a prevailing party].)[11]

---

in the context of vexatious litigants. Nor do we express any opinion as to whether contempt was, or still is, available for the conduct that occurred in the trial court.

[9] We acknowledge the anomaly created by our interpretation of section 397.1: Attorney's fees are recoverable under the statute from those vexatious litigants who comply with the trial court's order to post security, but not from those litigants, like Luckett, who flout the court's order. Proceeding under section 128.7 or by way of contempt is likely to involve even more attorney time and effort, and we recognize we have contributed to the increased cost by our opinion today. Including a provision for a direct award of attorney's fees within section 391.7 would streamline the process, and the Legislature may wish to consider whether an amendment to that effect might be warranted.

[10] Because we reverse the fee award on this ground, we need not reach the other issues raised in Luckett's brief.

[11] Luckett contends, without citation to authority, that the cost award was improper because respondents were not the prevailing parties. Citing to *Hon v. Marshall* (1997) 53 Cal.App.4th 470 [62 Cal.Rptr.2d 11], Luckett contends respondents cannot recover their costs because the dismissal of his complaint was not on the merits. *Hon* concerned the definition of a prevailing party for purposes of awarding attorney's fees in a job discrimination claim brought under the Fair Employment and Housing Act. (Gov. Code, § 12965, subd. (b).) Looking to federal civil rights cases, the *Hon* court held that a defendant who obtained a dismissal for jurisdictional defects was not entitled to fees as a prevailing party. That body of law has no application here. As mentioned above, section 1032, subdivision (a)(4) defines "prevailing party" as including a defendant who has obtained a dismissal in his favor, and such costs have been affirmed when a dismissal was entered for reasons unrelated to the merits of an action. (See *McMahan's v. McMahan Serv. Corp.* (1956) 145 Cal.App.2d 607, 609 [302 P.2d 847] [costs awarded to defendant when complaint was dismissed for failure to prosecute].) Luckett also contends that respondents are not entitled to recover their costs because they only specially appeared in the action. We reject that proposition both on the merits and because it was not supported by citation to authority. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700 [46 Cal.Rptr.2d 119].) Finally, Luckett contended at oral argument that costs were not proper because the dismissal of his complaint meant there had never been a complaint at all. We reject that notion as well. To the extent Luckett might contend he has raised any other issues in his appellate brief, we treat them waived based on his failure to cite to applicable portions of the record, to make intelligible legal arguments, or to cite applicable authorities. (*Ibid.*)

## DISPOSITION

For the reasons set forth above, the order awarding respondents their costs and attorney's fees is reversed as to only the award of attorney's fees. The costs award is affirmed. Each party to bear its own costs on appeal.[12]

Cooper, P. J., and Flier, J., concurred.

A petition for a rehearing was denied February 28, 2007, and appellant's petition for review by the Supreme Court was denied April 25, 2007, S151164.

---

[12] Luckett's request that we judicially notice the record of his two previous writ proceedings (B186681 and B188606) is granted. His motion to allow review of other issues raised by other notices of appeal, which were dismissed by this court on January 17, 2006, is denied.