Filed 5/21/14  Barkus v. White CA2/8

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DINA A. BARKUS,<br><br>　　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>JENNIFER MARIE WHITE,<br><br>　　　　　Defendant and Respondent. | B244644<br><br>(Los Angeles County<br>　Super. Ct. No. MC019871)<br><br>**ORDER MODIFYING OPINION** |

　　　　　GOOD CAUSE appearing, the opinion filed May 14, 2014, in the above entitled matter is hereby modified as follows:

　　　　　1.　　　On page 8, beginning at line 2 of **DISPOSITION**, add a period after "denied" and delete the balance of the sentence and the citation.

　　　　　　　　　　　　　　　　　　[end of modifications]

　　　There is no change in judgment.

_____

RUBIN, ACTING P. J.　　　　　　　FLIER, J.　　　　　　　KUSSMAN, J.[*]

_____

[*]　　　Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 5/14/14 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DINA A. BARKUS,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>JENNIFER MARIE WHITE,<br><br>  Defendant and Respondent. | B244644<br><br> (Los Angeles County<br>  Super. Ct. No. MC019871) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Randolph Rogers, Judge. Affirmed.

Law Offices of Olaf Landsgaard and Olaf Arthur Landsgaard for Plaintiff and Appellant.

Tharpe & Howell, Eric B. Kunkel and Charles D. May for Defendant and Respondent.

_____

Dina A. Barkus appeals from the judgment entered for defendant Jennifer Marie White in this action for the wrongful death of Barkus's son, contending that the trial court committed instructional error and improperly admitted certain expert witness testimony. We affirm because the instructional error did not occur and because any claims of evidentiary error have been waived.

## FACTS AND PROCEDURAL HISTORY

At around 1:00 a.m., on August 22, 2008, Logan Barkus, 17, was struck and killed in Lancaster by a car driven by 18-year-old Jennifer White. Barkus's mother, Dina Barkus, sued White for wrongful death.[1] White contended that Barkus was at fault because he stepped off of a median strip and directly into the roadway. Appellant contended that White was at fault because she admittedly glanced down at the radio right before striking Barkus, she should have been using her high beam headlights at the time, and she failed to render assistance, as required by the Vehicle Code.

After hearing from the sheriff's deputy who investigated the accident and White's accident reconstruction and human factors expert witnesses, the jury found that White had not been negligent and that Barkus's death was caused by his own negligence. The trial court, commenting on how "conservative" people were in Lancaster, granted appellant's motion for judgment notwithstanding the verdict (JNOV), finding that the verdict was the product of socioeconomic bias. It also granted appellant's new trial motion, but as to damages only.

White filed a mandate petition with this court, asking us to reverse the JNOV and new trial orders and reinstate the jury's verdict. We granted that petition. As to the JNOV, we concluded that the verdict had been supported by substantial evidence and that the trial court had erred by reweighing the evidence and by improperly taking judicial notice of certain supposed facts concerning the nature of the roadway. We held that the

---

[1] We will refer to Logan Barkus by his last name and to Dina Barkus as appellant.

new trial order was procedurally defective because the trial court failed to specify the grounds upon which it had been granted or the reasons for its ruling. We concluded that the new trial issue had also been rendered moot by our ruling on the JNOV motion and directed the trial court to vacate its JNOV and new trial orders and enter judgment for White. (*White v. Superior Court* (Dec. 14, 2011, B233360) [nonpub. opn.] (*White I*).)

On remand, the trial court granted appellant's "renewed" new trial motion on all issues, finding that under *Bove v. Beckman* (1965) 236 Cal.App.2d 555 (*Bove*), it had erred by failing to instruct the jury on the rebuttable presumption that Barkus acted with due care at the time of the accident, even though no such instruction had been requested. The trial court also faulted itself for allowing some of the expert testimony offered on behalf of White, and called into question the trustworthiness of the investigating deputy's testimony.

White filed another mandate petition, contending that the trial court violated our previous order to vacate its orders granting JNOV and a new trial on damages and instead reinstate the verdict. We granted that petition for the following reasons: (1) the trial court failed to comply with our order in *White I* that it enter judgment for White; (2) the trial court lost jurisdiction to hear a second new trial motion once it ruled on the first one; (3) once we reversed the JNOV and new trial orders, White was entitled to have judgment entered according to the verdict; and (4) our opinion in *White I* was the law of the case and determined that the trial court's initial new trial order on the issue of damages was procedurally defective and that a new trial on damages had been rendered moot by our order reversing the JNOV. (*White v. Superior Court* (Aug. 8, 2012, B241749) [nonpub. opn.] (*White II*).) The trial court then vacated its second new trial order and entered judgment for White, leading to this appeal.[2]

---

[2] White complains that appellant filed her notice of appeal prematurely, one day before a second amended judgment that awarded trial costs had been entered. The record shows that the original date stamp was crossed out and the notice of appeal was accepted for filing again five days after the second amended judgment was entered.

## DISCUSSION

1. *Limited Issues Raised on Appeal*

After appellant filed her opening appellate brief, White moved to dismiss the appeal because in the two previous writ proceedings we resolved the issues raised by appellant in White's favor, making them the law of the case. We denied that motion because it appeared that appellant had raised two issues we had not been asked to consider during the writ proceedings: (1) purported errors in the admission of certain expert witness testimony; and (2) error for the trial court's failure to instruct the jury on the presumption that Barkus had acted with due care.

Our latest review of appellant's opening brief confirms that no other issues have been coherently raised. The brief is a tangled knot of ill-expressed ideas and consists mainly of verbatim excerpts from the trial court's new trial order and some case law. To the extent appellant might contend that she raised any other issues, we deem them waived for her failure to articulate any intelligible argument. (*Luckett v. Keylee* (2007) 147 Cal.App.4th 919, 927, fn. 11 (*Luckett*).)

2. *No Instructional Error Occurred*

Appellant's claim of instructional error rests on the mistaken notion that under *Bove, supra*, 236 Cal.App.2d 555, she was entitled to an instruction that Barkus was presumed to have been acting with due care at the time of the accident.[3] The defendants

---

White also contends the notice of appeal was defective because it referred to the judgment entered on August 16, 2012—which was the date of the initial judgment in compliance with our decision in *White II*—instead of the second amended judgment. The notice refers to the August 16 judgment and all other appealable judgments and orders, and we liberally construe the notice of appeal to include the ultimate second amended judgment. (Cal. Rules of Court, rule 8.100(a)(2); *Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 672, fn. 3.)

[3] In fairness to appellant, it was the trial court, not her, that raised *Bove* as an issue.

4

in *Bove* were the driver and owner of a car that struck and killed a young woman as she crossed Pacific Coast Highway at night.  In rejecting the defendants' substantial evidence challenge to the judgment for plaintiff, the *Bove* court noted that there was a rebuttable presumption that a decedent had exercised due care, a point of law as to which a jury should be instructed.  (*Bove, supra*, 236 Cal.App.2d at pp. 558-559.)

However, *Bove* was relying on former Code of Civil Procedure section 1963, subdivision (4), which has not been the law since 1967 when its substance was made part of the new Evidence Code as section 521, which "eliminated this as a presumption and restated it as a rule of burden of proof."  (1 Witkin, Cal. Evidence (5th ed. 2012) Burden of Proof and Presumptions, § 16, p. 190; Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (2011 ed.) foll. § 500, p. 310; see *Williams v. Forcades* (1968) 262 Cal.App.2d 23, 24.)

Evidence Code section 521 states:  "The party claiming that a person did not exercise a requisite degree of care has the burden of proof on that issue."  Although the trial court did not initially give such an instruction, it caught the omission during the argument phase of the trial and instructed the jury with CACI No. 470 that White was required to prove that Barkus had been negligent and that his negligence contributed to his death.[4]  Accordingly, there was no error.

---

[4]     Appellant designated as part of the record only the reporter's transcript of the post-trial hearing where costs were awarded, an issue she has expressly abandoned on appeal. However, in her opening appellate brief, appellant cites liberally to the trial transcript and claims that the transcript was properly part of the record under rule 8.147 of the California Rules of Court, which provides for the use of the transcript from previous appeals in subsequent related appeals.

As White points out, that rule is inapplicable because the trial transcripts were lodged as part of the *White I* writ proceeding, and rule 8.147 applies to only related *appeals*.  (See *Guardado v. Superior Court* (2008) 163 Cal.App.4th 91, 95, fn. 1 [record augmentation procedure not available in appellate writ proceedings because augmentation is a creature of the proceedings governing appeals, not writs].)  Even if rule 8.147 applies, as White points out appellant's record designation in this case failed to state that she was invoking the rule or, apart from the costs hearing, specify the portions of the reporter's transcript she intended to use.  (Cal. Rules of Court, rule 8.147(b).)

3. *The Evidentiary Issues Are Waived or Lack Merit*

As best we can tell from appellant's appellate briefs, she challenges either the admissibility or the sufficiency of the testimony by the sheriff's deputy who investigated the accident and the testimony of White's accident reconstruction and human factors experts. As appellant made clear at oral argument she does not ask us to somehow grant her a new trial. Instead, she asks us to reverse the judgment and order that judgment be entered for her under *Mercer v. Perez* (1968) 68 Cal.2d 104 (*Mercer*) on the ground that a miscarriage of justice occurred at trial.[5]

Appellant's reliance on *Mercer* is misplaced. In that case, a jury returned a defense verdict in an action arising out of a traffic collision between two cars. The trial court granted the plaintiff a new trial in an order that said, after analyzing the evidence, it believed there had been a miscarriage of justice. On appeal by the defendant, the Supreme Court reversed the new trial order because the trial court did not properly

However, once we determined that the claimed instructional error issue was in fact governed by Evidence Code section 521, we notified the parties that we intended to take judicial notice of pages 1527-1529 and 1556 of the reporter's transcript lodged in the prior writ proceedings, which showed that the trial court gave the correct instruction, and offered them the opportunity to brief this issue. White filed supplemental briefing but appellant did not.

Appellant separately asked us to take judicial notice of documents filed in *White I*: White's index of exhibits and appellant's supplemental opposition brief. She also asks us to judicially notice a supplemental reply brief filed by White in connection with *White II* and the trial court's original and nunc pro tunc orders granting JNOV and a new trial on damages. We deny that request because those documents are not relevant to the issues on appeal.

[5] We assume appellant does not request a new trial in recognition of our decision in *White II* that the trial court lost jurisdiction to enter a second new trial order after entering its initial order granting a limited new trial on the issue of damages only. Therefore, no new trial was permissible. (*Wenzoski v. Central Banking System, Inc.* (1987) 43 Cal.3d 539, 542.) In *White II*, we also rejected appellant's contention that she was entitled to a judgment notwithstanding the verdict.

6

specify the reasons for that order, as required by Code of Civil Procedure section 657. (*Mercer, supra*, 68 Cal.2d at pp. 108-109.)

The plaintiff had cross-appealed, contending the trial court erred by instructing the jury on contributory negligence even though the defendant had not raised that issue. The Supreme Court agreed, concluding that the error had been prejudicial because the instructions misled the jury and because there was strong evidence of the defendant's negligence. (*Mercer, supra*, 68 Cal.2d at p. 126.) As part of its prejudice analysis, the *Mercer* court gave "considerable weight" to the trial court's finding that the verdict had been a miscarriage of justice. Even though that finding was made in regard to the sufficiency of the evidence, the *Mercer* court believed the finding was important because the trial court was in a better position to evaluate the facts and had applied the same harmless error test: whether a more favorable result for plaintiff was reasonably probable absent the error. (*Id.* at p. 127.)

*Mercer* has no bearing on this case, if for no other reason than the fact that we have already concluded no instructional error occurred. To the extent appellant is raising a sufficiency of the evidence challenge, we have already decided that issue against her in *White I*, and it is law of the case. To the extent she is challenging the admissibility of that evidence, as noted in the trial court's order granting the renewed new trial motion, the trial court struck nearly all of the human factor expert's testimony. Although appellant mentions this in passing in her opening appellate brief, apart from her conclusory statement that "the bell could not be unrung," she does not address through cogent argument and citation to pertinent legal authority whether she in fact suffered any prejudice in light of the trial court's order striking that testimony. (*People v. Horton* (1995) 11 Cal.4th 1068, 1121 [we presume the jury obeyed instruction to disregard stricken testimony].) We therefore deem that issue waived. (*Luckett, supra*, 147 Cal.App.4th at p. 927, fn. 11.)

Appellant also fails to acknowledge, as the trial court mentioned in its second new trial order, that she did not object to the testimony of the deputy and the accident

7

reconstruction expert.**6**  As a result, any objections to that evidence were waived both at trial (Evid. Code, § 353, subd. (a)), and on appeal.  (*Luckett, supra*, 147 Cal.App.4th at p. 927, fn. 11.)

4.　　*Appellant's Failure to Designate the Reporter's Transcript*

As noted in footnote 4, appellant failed to designate the reporter's transcript of the trial proceedings as part of the appellate record.  As a result, apart from the four transcript pages we judicially noticed in order to determine that no instructional error occurred, we are unable to determine whether error occurred or whether any error was prejudicial.  We therefore alternatively conclude that her failure to do so waives all of her appellate contentions.  (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325; *Lankster v. Alpha Beta Co.* (1993) 15 Cal.App.4th 678, 683.)

## DISPOSITION

The judgment is affirmed.  Respondent shall recover her costs on appeal. Respondent's request for appellate sanctions is denied because she did not file a separate sanctions motion along with a declaration supporting the amount sought.  (Cal. Rules of Court, rule 8.276(b)(1); *In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 180.)


　　　　　　　　　　　　　　　　　　　　　　RUBIN, Acting P. J.

WE CONCUR:



　　　　FLIER, J.

---

**6**　　Appellant's opening appellate brief does quote verbatim the portion of the trial court's second new trial order where the trial court mentions the failure to object, but she does not acknowledge or address this issue by way of argument.

8

KUSSMAN, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.