Filed 6/2/14 Chernick v. Casa Palermo Homeowners Assn. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MICHAEL LEE CHERNICK, | B244078 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BS132203) |
| CASA PALMERO HOMEOWNERS ASSOCIATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Ann I. Jones, Judge. Affirmed.

Michael Lee Chernick, in pro. per., for Plaintiff and Appellant.

Wolf, Rifkin, Shapiro, Schulman & Rabkin and Norman S. Wisnicki for Defendant and Respondent.

_____

Michael Lee Chernick appeals from the judgment entered for Casa Palmero Homeowners Association in this mandate action by Chernick challenging the Association's 2011 Board of Directors Election. We affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Michael Lee Chernick brought a mandate action to invalidate the May 2011 Board of Directors Election of the Casa Palmero Homeowners Association, which governs the Los Angeles condominium complex where Chernick lives. Chernick ran for a board seat in that election, but lost. The petition alleged that the Association's property management company, which conducted the election, twice issued incorrect, confusing, or misleading information. Chernick alleged that those deficiencies were corrected after he brought them to the property manager's attention, but that a third election notice included incorrect and misleading proxy voting instructions.

Chernick alleged that a quorum was not obtained due to the misleading proxy instructions and that the board then improperly appointed three new directors instead of holding a second election with a reduced quorum, as had happened in the past. Chernick also alleged that the board would not let him see certain documents related to other matters, such as the board's supposed use of unqualified and unlicensed electrical contractors. Chernick asked the court to: invalidate the 2011 election; appoint new board members based on the 2011 ballots; order that all future elections follow reduced quorum rules that lead to a second election if necessary; grant approval for the board to appoint new directors if there were insufficient votes to reduce the quorum; and otherwise ensure that future elections were held in conformity with the Association's governing documents and applicable laws.

The trial consisted of argument to the trial court after the parties had submitted their points and authorities and supporting declarations and exhibits. The trial court took the matter under submission and later issued a written decision, where it rejected Chernick's claims. The trial court found that there was no competent evidence to support Chernick's claim that the election process had been rigged or was otherwise improper.

2

Instead, the trial court found, the evidence showed that the Association had merely tried to respond to Chernick's initial complaints and comply with the law.

The trial court fleshed out these general findings with several other specific ones:

(1) the election materials and proxy vote explanation were not confusing or conflicting;

(2) while Chernick wanted the board to adjourn the election meeting and then reduce the quorum percentage to 25 percent, that procedure would have violated the Association's by-laws and Corporations Code section 7212, subdivision (d), both of which stated that, absent a quorum, a majority of the owners present either in person or by proxy could adjourn the meeting to another time, but could conduct no other business. Furthermore, under Civil Code section 1363.03, subdivision (b), each ballot received counted as a member present at a homeowner's association meeting for the purpose of establishing a quorum.[1] In short, a majority of those present in person or by proxy was needed to adjourn the meeting. However, a majority of those present did not vote to adjourn the meeting. As a result, the meeting could not be adjourned and the quorum issue could not be preserved;

(3) Chernick's contention that a nominating committee was required to elect board members in the absence of a quorum was also incorrect. Although the Association's by-laws provided for that procedure, they pre-dated the enactment of Civil Code section 1363.03, subdivision (a)(3), which requires that any association member may nominate himself and that all elections must be conducted by secret ballot. The use of a nominating committee would have violated that provision;

(4) Chernick's contention that the May 2011 election was conducted improperly was not supported by competent evidence. Although Chernick complained that an employee of the property management company oversaw the election, he cited no

---

[1] This action was governed by the version of the Davis-Stirling Common Interest Development Act (Civ. Code, § 1350 et seq.) in effect at the time of the election. (§ 4010.) Effective January 1, 2014, that Act has since been amended and renumbered as section 4000 et seq.

3

authority to show that was improper. His claim that he was denied an opportunity to seek more votes to either obtain a quorum or adjourn the meeting was also not supported by the evidence. Instead, the evidence showed he was given an extra hour to do so after the meeting started. Moreover, Chernick needed an additional 20 votes to secure an adjournment, and he failed to show that he would have obtained the necessary votes had he been given even more time; and

(5) Chernick's contention that he was being "singled out" by the Association was not a proper subject for a mandate petition. Further, he had no evidence to support this claim apart from his subjective beliefs. He cited no legal authority for his claimed right to view documents related to electrical work performed for the Association and, because Chernick was also an electrical contractor and was bidding for the same work, it would have been improper for him to see those documents. He also improperly requested confidential information about various Association members.

These findings were then incorporated into the trial court's judgment.

## DISCUSSION

The Association contends we should affirm the judgment due to several procedural defects in Chernick's opening appellate brief: (1) his omission of a statement of appealability (Cal. Rules of Court, rule 8.204(2)(B)); (2) his failure to designate the reporter's transcript of the hearing on the mandate petition, thus failing to meet his burden of providing a record that permits meaningful appellate review; (3) his failure to set forth or discuss the applicable standard of review; and (4) his failure to articulate pertinent or cogent arguments.

Chernick's omission of the statement of appealability is a minor procedural transgression that we choose to overlook because there is no dispute that the trial court's final judgment was appealable. The Association's contention that Chernick did not discuss the applicable standard of review is correct, although the Association incorrectly states that we must apply the abuse of discretion standard when, as set forth below, this is really a substantial evidence challenge.

4

Chernick's failure to designate the reporter's transcript of the hearing is a more difficult question. His trial counsel designated that transcript, along with the preparation of an appellant's appendix. The transcript was prepared and Chernick does cite to it in his appellate brief. However, after Chernick chose to represent himself, and six months before the opening appellate brief was filed, Chernick amended his designation of the record to include a clerk's transcript instead of an appellant's appendix, and also stated that *no* reporter's transcript was being designated.

The Association contends Chernick therefore forfeited his right to include that transcript in the record. Chernick contends it was a mistake on his part because his lawyer had already designated the transcript and he did not believe he had to designate it again. Based on this, Chernick seeks to augment the record with the reporter's transcript. We exercise our discretion and grant that request.[2]

We next consider the Association's other two procedural issues: Chernick's failure to articulate the correct standard of review, and the absence of pertinent and cogent argument. We conclude that the Association is correct, that these issues are related, and that the judgment must therefore be affirmed.

We begin with the standard of review. In reviewing a judgment on a petition for writ of ordinary mandate under Code of Civil Procedure section 1085, we apply the substantial evidence test to the trial court's factual findings and exercise independent judgment on legal issues, such as the interpretation of statutes. (*Committee for Responsible School Expansion v. Hermosa Beach City School Dist.* (2006)

---

**2**     Even if we denied the motion to augment, we would reject the Association's contention that the absence of the reporter's transcript precludes meaningful appellate review. The matter was tried on the parties' points and authorities and supporting documents and the trial court issued a comprehensive written ruling, thereby permitting us to review its rulings in the context of proper appellate arguments. However, as we discuss in the main text, Chernick failed to properly argue those issues in his appellate brief.

Chernick also sought to augment the record with Los Angeles City electrical codes. We deny that portion of the motion to augment the record because those documents are tangential to Chernick's invalidity of the election claim.

142 Cal.App.4th 1178, 1184.) As best we can tell, Chernick raises no issues of statutory interpretation and limits his arguments to the sufficiency of the evidence. This placed on him the duty to prepare a complete and accurate statement of facts that presented not only the evidence favorable to him, but the unfavorable evidence as well. (*Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1374.)

Instead, his opening appellate brief is a one-sided presentation of the "facts" that is threaded throughout a jumble of general contentions where he appears to equate himself to a victim of federal law voting rights violations, along with completely unsubstantiated complaints of judicial bias. With a handful of exceptions, he does not acknowledge the Association's evidence in opposition to his petition, which included witness declarations, election materials, and correspondence between him and board members, counsel for the Association, and the property management company. We acknowledge that, although counsel represented Chernick during the trial court proceedings, he has chosen to represent himself on appeal. Nevertheless, he is still bound to follow the rules and principles that govern the presentation of facts and arguments in appellate briefs. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

He does not mention, and therefore does not address, the trial court's several specific factual findings in favor of the Association and cites legal authority concerning the conduct of common interest development elections only in passing, without ever developing cogent arguments on those issues.[3] Nor does he discuss the evidence in light of the applicable standard of review. Furthermore, the trial court sustained numerous objections to Chernick's supporting evidence, and although Chernick argues that the trial court erred, he either fails to set forth the objections or the basis for the trial court's rulings, or refers to those matters in oblique and generalized terms. Regardless, he does not cogently argue by way of legal analysis or citation to authority why the trial court

---

[3] Chernick cites some federal voting rights decisions, but those have no bearing here. He also cites several California appellate court decisions concerning judicial bias in a section that is written in an entirely different manner and appears to have been derived from some other document.

erred.  Accordingly, any issues concerning the trial court's evidentiary rulings are waived.  (*Gombiner v. Swartz, supra,* 167 Cal.App.4th at p. 1374.)

As a result, the issues we are able to discern are all waived.  (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1530-1531 [waiver for one-sided presentation of facts]; *Luckett v. Keylee* (2007) 147 Cal.App.4th 919, 927, fn. 11 [failure to discuss or analyze issues with citations to record and legal authorities and for failure to make intelligible arguments].)[4]

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.[5]

RUBIN, ACTING P. J.

WE CONCUR:

FLIER, J.

GRIMES, J.

---

[4]    We also note, but do not decide, an argument raised by the Association below, but not raised on appeal:  that the 2012 election of a new board of directors, which Chernick concedes was proper, renders this appeal moot.  (*Childress v. L. Dinkelspiel Co.* (1928) 203 Cal. 262, 263 [appeal from order enjoining special meeting to elect additional corporate director dismissed as moot because an entirely new board was elected at a subsequent meeting]; *Giles v. Horn* (2002) 100 Cal.App.4th 206, 227.)

[5]    Respondent asks that we exercise our discretion to award its attorney's fees as part of its costs on appeal.  (Cal. Rules of Court, rule 8.278(d)(2).)  It contends this is proper because Chernick's appeal is frivolous.  We deny the request because the Association did not file a separate sanctions motion along with a declaration supporting the amount sought.  (Rule 8.276(b)(1); *In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 180.)