[No. H001298. Sixth Dist. July 17, 1987.]

DONALD L. ALCOTT et al., Plaintiffs and Appellants, v.
M. E. V. CORPORATION et al., Defendants and Respondents.

## COUNSEL

Scott R. Mosko and Hoge, Fenton, Jones & Appel for Plaintiffs and Appellants.

Baird A. Brown and Friedman, Collard, Poswall & Virga for Defendants and Respondents.

## OPINION

**BRAUER, J.**—This stockholder derivative action collapsed after all defendants had prevailed in pretrial skirmishes: one defendant obtained dismissal for failure to serve summons in time, and the others secured either summary judgment or judgment upon demurrer sustained without leave to amend. Thereafter defendants filed cost bills containing demands for attorneys' fees. This appeal is taken from an order awarding defendants their attorneys' fees, i.e., from a denial of a motion to tax costs. Plaintiffs also challenge the amount of the fees awarded, an issue we do not reach in view of our conclusion that no attorneys' fees are recoverable here.

I

■ The action was commenced in 1980 under authority of Corporations Code section 800 whose provisions, to the extent relevant, are set forth in a footnote.[1]

---

[1] Corporations Code section 800: "(a)  .   .   .   .   .   .   .   .   .   .   .   .   .   .
"(b)  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .
"(c) In any action referred to in subdivision (b), at any time within 30 days after service of summons upon the corporation or upon any defendant who is an officer or director of the corporation, . . . the corporation or such defendant may move the court for an order, upon notice and hearing, requiring the plaintiff to furnish security as hereinafter provided. The motion shall be based upon one or both of the following grounds:
"(1) That there is no reasonable possibility that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the corporation or its shareholders.

No security was ever sought or posted. The attorneys' fees clause in section 800, subdivision (d) is the only statutory basis for the trial court's ruling.

Section 800 is susceptible of two constructions: (1) Attorneys' fees are recoverable only out of the security, if posted; (2) Prevailing defendants are entitled to their attorneys' fees.

Two authorities have arrived at different conclusions, Balantine and Sterling[2] favoring the first alternative and Marsh[3] the second. We need not analyze the conflicting rationales because the Supreme Court has spoken.

In *Freeman* v. *Goldberg* (1961) 55 Cal.2d 622 [12 Cal.Rptr. 668, 361 P.2d 244], a derivative suit was dismissed after plaintiffs failed to post the security demanded. Thereafter the prevailing defendants filed a cost bill including attorneys' fees. A motion to tax was denied below, but the Supreme Court unanimously reversed, holding that the statute "contains no provision for an award of attorney's fees where, as here, security is not furnished . . . ." (*Id.*, at p. 626.) The court was interpreting section 834, the predecessor to section 800, which was identical in all relevant respects to section 800 as it read in 1980.

Defendants seek to distinguish *Freeman* by pointing to an amendment to section 800 enacted in 1982. In the first place, the applicability of that amendment is questionable as the complaint was filed in 1980. Ordinarily, of course, a complaint speaks as of the time of its filing and the statute then

---

"(2) That the moving party, if other than the corporation, did not participate in the transaction complained of in any capacity. . . .

"(d) At the hearing upon any motion pursuant to subdivision (c), the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material (1) to the ground or grounds upon which the motion is based, or (2) to a determination of the probable reasonable expenses, including attorneys' fees, of the corporation and the moving party which will be incurred in the defense of the action. If the court determines, after hearing the evidence adduced by the parties, that the moving party has established a probability in support of any of the grounds upon which the motion is based, the court shall fix the nature and amount of security, not to exceed fifty thousand dollars ($50,000), to be furnished by the plaintiff for reasonable expenses, including attorneys' fees, which may be incurred by the moving party and the corporation in connection with the action . . . . A ruling by the court on the motion shall not be a determination of any issue in the action or of the merits thereof. . . . If the court, upon any such motion, makes a determination that security shall be furnished by the plaintiff as to any one or more defendants, the action shall be dismissed as to such defendant or defendants, unless the security required by the court shall have been furnished within such reasonable time as may be fixed by the court. The corporation and the moving party shall have recourse to the security in such amount as the court shall determine upon the termination of the action."

[2] Balantine & Sterling, California Corporation Laws (4th ed. 1986) section 294.01.
[3] Marsh's California Corporation Law (2d ed. 1986) section 14.33.

in effect governs. (*California, etc. Co.* v. *Schiappa-Pietra* (1907) 151 Cal. 732, 742-743 [91 P. 593]; *Earp* v. *Nobmann* (1981) 122 Cal.App.3d 270, 286 [175 Cal.Rptr. 767].) Here, however, there were several amended complaints containing allegations of incidents occurring after 1982. To that extent, the amended pleadings were actually supplemental complaints, and the 1982 statute arguably applied to the subsequent transactions.

But even if the 1982 version of section 800 is considered, plaintiffs are not aided. They rely on the deletion from subdivision (d) of the last sentence reading: "The corporation and the moving party shall have recourse to the security in such amount as the court shall determine upon the termination of the action." No language was added to the section from which a legislative intention could be inferred to transmute a "security" statute into a "liability" one. The Law Revision Commission Comment to the 1982 amendment states: "Section 800 is amended to delete provisions duplicated in the Bond and Undertaking Law. See Code of Civ. Proc. §§ 996.010 (insufficient bond), 996.030 (reduced bond), 996.460 (judgment of liability), 995.710 (deposit in lieu of bond). The other changes in Section 800 are technical." Code of Civil Procedure sections 996.440 and 996.460 simply restate the omitted language in greater detail.

## II

But defendants have a second string to their bow.[4] Their analysis runs thus: had plaintiffs prevailed in their derivative action, they might have been entitled to attorneys' fees upon demonstrating to the satisfaction of a court that their efforts had resulted in a substantial benefit to the corporation. (*Fletcher* v. *A. J. Industries, Inc.* (1968) 266 Cal.App.2d 313, 320 [72 Cal.Rptr. 146].) By an extension of Civil Code section 1717, a reciprocal right should be accorded to the defendants here.

Section 1717 by its terms applies only to contracts. We are cited to no case which has applied reciprocity beyond contracts to fee-shifting statutes or court-imposed public policies.[5]

And there are good reasons why such a broadening ought not to be undertaken, even aside from the fact that it would constitute an improper judicial intrusion into the legislative sphere. Section 1717 was designed to further the aim of remedying an inequality in bargaining power. But one-sided statutory and judicially mandated fee-shifting provisions serve a specific public policy which would be vitiated by the grant of reciprocity. This

---

[4] The record does not tell us which of the two contentions swayed the trial court.

[5] *Kelemen Construction, Inc.* v. *American Citibank* (Cal.App.) which essayed upon such an extension was decertified by order of the Supreme Court dated March 21, 1985 (B006518).

point is expounded in the scholarly opinion of Justice Johnson in *Covenant Mutual Ins. Co.* v. *Young* (1986) 179 Cal.App.3d 318 [225 Cal.Rptr. 861] and need not be repeated here. This court is disinclined to make new law, confident that such a role is best played by the entity to which the Constitution assigned it. We are even less inclined to make bad law.

Judgment reversed. Costs on appeal to appellants.

Agliano, P. J., and Capaccioli, J., concurred.