[No. E029426. Fourth Dist., Div. Two. May 15, 2002.]

FIRST SECURITY BANK OF CALIFORNIA, N.A., Cross-complainant and Appellant, v.
MARC J. PAQUET et al., Cross-defendants and Respondents.

**[Opinion certified for partial publication.\*\*]**

---

\*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts C and D.

**COUNSEL**

Law Offices of Daniel J. Doonan, Daniel J. Doonan and Suzanne K. Shapiro for Cross-complainant and Appellant.

Wildish & Nialis, Daniel R. Wildish, Carl J. Pentis and Charles H. Smith for Cross-defendants and Respondents.

**OPINION**

**McKINSTER, J.**—A defendant in a shareholder derivative action cross-complained against the plaintiffs. After sustaining a demurrer to the cross-complaint without further leave to amend, the trial court dismissed the cross-complaint. The cross-complainant appeals from the order awarding attorney's fees to the cross-defendants. Finding no error, we affirm.

### PROCEDURAL BACKGROUND

Marc J. Paquet, Jan M. Paquet, Gary Monnig and Carmel Monnig (collectively the Paquets) sued John Monnig, Theresa Monnig, Clearpack Engineering, Inc. (Clearpack), and First Security Bank of California, N.A. (the Bank). As amended in January of 2000, the complaint alleges that the Paquets are minority shareholders of Clearpack and that they are prosecuting the suit as a shareholder derivative action on behalf of Clearpack. Although the complaint prays for legal and equitable relief on a variety of theories, only three counts are asserted against the Bank. The eighth cause of action seeks a declaration that certain decisions made by the directors of Clearpack are invalid. The 11th cause of action seeks to quiet the title of Clearpack to certain property against any claims by the Bank. The 13th cause of action

seeks the cancellation of a corporate guaranty executed by John and Theresa Monnig on behalf of Clearpack in favor of the Bank.

In May of 2000, the Bank cross-complained, not only against Clearpack, but also against the Paquets and the individual defendants. As alleged in its second amended cross-complaint, the Bank sought relief against the Paquets on the theory that they were alter egos of Clearpack. The trial court sustained the Paquets' demurrer to the second amended cross-complaint without further leave to amend and entered a judgment dismissing the cross-complaint as to the Paquets.

The Bank appealed from the judgment of dismissal. (*First Security Bank of Cal. v. Monnig* (Feb. 23 2001, E028905 [nonpub. opn.].) Finding that its notice of appeal was untimely, we dismissed that appeal.

Meanwhile, the Paquets moved under Civil Code section 1717 for a determination that they were the prevailing parties on the cross-complaint and for an award of attorney's fees. The trial court granted the motion and awarded $15,000 in attorney's fees. The Bank now appeals from the post-judgment order awarding the attorney's fees.

## CONTENTIONS

The Bank contends that the trial court erred by determining that the Paquets were the prevailing parties in the action; by determining that Civil Code section 1717 applied to the cross-complaint; and by setting $15,000 as the amount of attorney's fees reasonably incurred in defending against that action. On our own motion, we raise the foundational issue of whether there is an appealable order.

## ANALYSIS

### A. The Postjudgment Order Awarding Attorney's Fees Is Appealable.

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074].) Therefore, whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1, a reviewing court must raise the issue on its own initiative. (*Jennings, supra,* at p. 126.)

Generally, an appeal of a postjudgment fee award is authorized under Code of Civil Procedure section 904.1, subdivision (a)(2), as an order

made after the entry of an appealable judgment. (*Sessions Payroll Management, Inc. v. Noble Construction Co*. (2000) 84 Cal.App.4th 671, 677 [101 Cal.Rptr.2d 127].) The question here is whether the underlying judgment is appealable.

■ The "one final judgment" rule provides that an appeal may be taken from a final judgment, but not an interlocutory judgment. (Code Civ. Proc., § 904.1, subd. (a)(1); *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 740-741 [29 Cal.Rptr.2d 804, 872 P.2d 143].) "Judgments that leave nothing to be decided between one or more parties and their adversaries . . . have the finality required by section 904.1, subdivision (a). A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings, however, is necessarily 'interlocutory' . . . and not yet final, as to any parties between whom another cause of action remains pending." (*Morehart*, at p. 741; accord, *Olson v. Cory* (1983) 35 Cal.3d 390, 399 [197 Cal.Rptr. 843, 673 P.2d 720].) For instance, a judgment that decides the issues raised in a cross-complaint but not the issues in the complaint is not final (*Nicholson v. Henderson* (1944) 25 Cal.2d 375, 381 [153 P.2d 945].) unless it decides all issues as to some of the parties (*Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 118 [199 P.2d 668]).

■ The parties appear to agree that the causes of action asserted against the Bank in the Paquets' complaint were not resolved in the judgment dismissing the cross-complaint and were still pending thereafter.[1] As explained above, the pendency of unresolved causes of action between the Bank and the Paquets would normally deprive the judgment on the cross-complaint of the finality necessary to render it appealable. Here, however, those causes of action were brought by the Paquets, not in their individual capacities, but rather on behalf of Clearpack. When there is a judgment on a cross-complaint resolving all causes of action against the plaintiff and cross-defendant in his or her individual capacity, does the pendency of a complaint raising solely derivative causes of action prevent that judgment from being final and thus appealable? As we shall explain, it does not.

■ Preliminarily, we reject the Paquets' assertion that a concession by the Bank resolves the question. In arguing that there are no issues left regarding the Paquets in their individual capacities and that the judgment is therefore final, they rely in part on the docketing statement (Ct. App., Fourth

[1]Both the Bank and the Paquets have separately asked us to take judicial notice of documents suggesting that one or more of the causes of action asserted against the Bank in the complaint have since been resolved. Both requests are denied because those alleged decisions are irrelevant. The issue before us is whether the judgment on the cross-complaint was final at the time the Bank appealed from the postjudgment attorney's fee order. Events occurring after that appeal was filed cannot change the answer to that question.

Dist., Local Rules, rule 9) that the Bank filed in support of its earlier appeal. In that statement, the Bank represented that the judgment on the cross-complaint had finally disposed of all issues between the parties. The Paquets argue that the Bank is judicially estopped to assert otherwise.

They are mistaken. Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel. (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 307, fn. 9 [63 Cal.Rptr.2d 74, 935 P.2d 781].) Therefore, issues of appealability cannot be resolved on the basis of concessions of issues of law by the parties involved. Instead, we must look past the parties' admissions to determine whether, as a matter of law, the judgment is final.

 When a party brings an action in multiple capacities, a judgment determining that party's rights in one capacity may be final even though the action is still pending on a claim brought in a different capacity. For instance, in a personal injury and wrongful death action, a judgment disposing of the claim by the surviving spouse as executor of the decedent's estate is final even though claims by the spouse in her individual capacity and as guardian ad litem for the decedent's minor children are still pending. (*Dominguez v. City of Alhambra* (1981) 118 Cal.App.3d 237, 241 [173 Cal.Rptr. 345].) In her capacity as executor, the surviving spouse "was a separate party as to whom there was no issue left to be determined . . . ." (*Ibid.*)

Similarly, an action by a workers' compensation insurance carrier against a third party tortfeasor to recover damages for itself and for an injured employee of its insured is treated as having been brought by two separate plaintiffs. (*Aetna Cas. etc. Co. v. Pacific Gas & Elec. Co.* (1953) 41 Cal.2d 785, 789 [264 P.2d 5, 41 A.L.R.2d 1037].) Therefore, a dismissal of the claim on behalf of the employee is final and appealable despite the pendency of the insurer's individual claim. (*Ibid.*)

The same reasoning applies in this context. In a shareholder derivative action, the cause of action being asserted belongs to the corporation, not to the plaintiff shareholder. (*Melancon v. Superior Court* (1954) 42 Cal.2d 698, 708 [268 P.2d 1050].) Accordingly, the action is not brought in the shareholder's individual capacity to enforce individual rights, but purely in a representative capacity to enforce the rights of the corporation. (*Hogan v. Ingold* (1952) 38 Cal.2d 802, 809 [243 P.2d 1, 32 A.L.R.2d 834]; *Whitten v. Dabney* (1915) 171 Cal. 621, 630-631 [154 P. 312].) The position of a plaintiff in such an action " 'is in every legal sense the precise equivalent of that of the guardian *ad litem.*' " (*Hogan,* at p. 810, quoting *Whitten,* at p. 631; accord, *Beyerbach v. Juno Oil Co.* (1954) 42 Cal.2d 11, 20 [265 P.2d 1].)

■ " 'Where an action is prosecuted by a guardian *ad litem*, the [represented party] is the real party. [Citation.] And the guardian *ad litem* cannot even be considered a party to the cause.' " (*Hogan*, at p. 810, quoting *Whitten*, at p. 631; accord, *In re Christina B.* (1993) 19 Cal.App.4th 1441, 1453 [23 Cal.Rptr.2d 918] ["not a party to the action, but merely a party's representative"].) For that reason, "a judgment may not be rendered for or against a guardian *ad litem*, but only for or against the party he [or she] represents." (*Estate of Cochems* (1952) 110 Cal.App.2d 27, 30 [242 P.2d 56].)

■ Because the Paquets are not the actual parties to the complaint, there can be no unresolved claims against them in that pleading. Accordingly, the pendency of derivative claims in the complaint brought against the Bank by the Paquets as the representatives of Clearpack cannot prevent the judgment on the cross-complaint from being final as to the Paquets in their individual capacities. Because it resolves all claims against the Paquets as individuals, the judgment on the cross-complaint is final and appealable. (*Trask v. Moore* (1944) 24 Cal.2d 365, 373 [149 P.2d 854].) The underlying judgment being appealable, the post-judgment order awarding attorney's fees is also appealable.

B. *The Trial Court's Determination That the Paquets Had Prevailed Was Not Premature.*

■ Civil Code section 1717 authorizes awards of attorney's fees only to prevailing parties. The Bank does not deny that the Paquets prevailed on the cross-complaint. Instead, it argues that the determination that they had prevailed in the action as a whole was premature because the claims asserted against the Bank in the shareholder derivative action had not yet been resolved. Invoking the one final judgment rule, it argues that the action is not final as to the Paquets until their derivative claims are adjudicated.

The Bank is mistaken. As explained above, the Paquets are parties to the derivative complaint in name only. In substance, they are not parties at all. (*Hogan v. Ingold, supra,* 38 Cal.2d at p. 810; *In re Christina B., supra,* 19 Cal.App.4th at p. 1453.) Therefore, the action is final as to the Paquets in their individual capacities, and the trial court properly determined that they had prevailed in the action.

The Bank notes that, although the Paquets are not parties to the derivative action in their individual capacities, there is the possibility that they will be held individually liable for attorney's fees and other costs of suit incurred by the Bank and other defendants if the derivative action is unsuccessful. For

instance, we have previously held that a successful defendant may collect attorney's fees from the shareholder pursuant to Civil Code section 1717 if the derivative claims were on a contract that contained an attorney's fee clause.[2] (*Brusso v. Running Springs Country Club, Inc.* (1991) 228 Cal.App.3d 92 [278 Cal.Rptr. 758].)

The possibility that the Paquets might be individually liable for attorney's fees or other costs if the derivative action is unsuccessful does not change our conclusion that the judgment in their favor on the cross-complaint is final. The finality of a judgment is determined independently of whether costs have been awarded. Were it otherwise, the timeliness of an appeal would be measured, not from the entry of the judgment (Cal. Rules of Court, rule 2), but from the entry of a cost award or the expiration of the time in which to seek a cost award. Besides, it would be circuitous to reason that an action is not final for purposes of determining liability for costs until the parties' respective liability for costs has been determined. We decline to endorse such a paradox.

C., D.*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order is affirmed. The respondents' motion for sanctions for frivolous appeal is denied. The respondents shall recover their costs on appeal.

Hollenhorst, Acting P. J., and Ward, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 24, 2002. Baxter, J., Werdegar, J., and Brown, J., did not participate therein.

---

[2]Whether or not contractual claims are involved, a shareholder plaintiff may be liable for the defendants' attorney's fees if the defendants successfully moved pursuant to Corporations Code section 800 for an order requiring the plaintiff to post security. (*Freeman v. Goldberg* (1961) 55 Cal.2d 622, 625-626 [12 Cal.Rptr. 668, 361 P.2d 244]; *Alcott v. M. E. V. Corp.* (1987) 193 Cal.App.3d 797, 799 [238 Cal.Rptr. 520].) However, there is no evidence that any such motion was made here.

*See footnote, *ante*, page 468.