[No. F054748. Fifth Dist. Jan. 26, 2009.]

WEST HILLS FARMS, INC., et al., Plaintiffs and Respondents, v. RCO AG CREDIT, INC., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.

## COUNSEL

Lang, Richert & Patch, Victoria J. Salisch, Val W. Saldana and Tamara L. Lyles for Defendant and Appellant.

Law Offices of Walter W. Whelan, Walter W. Whelan and Brian D. Whelan for Plaintiffs and Respondents.

OPINION

**KANE, J.**—In this derivative action, defendant RCO Ag Credit, Inc., was sued by two of its shareholders, plaintiffs West Hills Farms, Inc., and California Pistachio, LLC, based on allegedly unnecessary fees paid by defendant to a related corporate entity. Defendant made a motion under Corporations Code section 800[1] to require plaintiffs to furnish a bond in the amount of $50,000 as security for defendant's anticipated litigation expenses to defend the action. The motion was granted and plaintiffs furnished the required bond. Defendant ultimately prevailed in the action and, following entry of judgment,[2] moved for an award of *all* of its attorney fees and costs incurred, totaling over $350,000. The trial court's order limited the award of attorney fees and costs to $50,000, the amount of the bond. Defendant appeals from that order, contending that under section 800 it was entitled to recover *all* of its attorney fees and costs, regardless of the amount of the bond. We disagree. As we will explain, we conclude that section 800 simply allows a prevailing defendant to recover its attorney fees and costs out of the bond, if one is posted.[3] Accordingly, we affirm the trial court's order.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs' original complaint was filed on November 14, 2005. Defendant demurred on the ground that the complaint failed to allege facts showing that a demand had been made on defendant's board of directors or that such a demand would have been futile. Such allegations were essential to plaintiffs' standing to maintain the derivative action. (See § 800, subd. (b)(2).) Prior to the hearing on the demurrer, plaintiffs filed a first amended complaint. A series of demurrers followed in which defendant successfully challenged the sufficiency of each amended pleading on this same ground. Ultimately, on August 31, 2007, the trial court sustained defendant's demurrer to the third amended complaint without leave to amend. Plaintiffs conceded that no prelawsuit demand had been made and the trial court concluded that plaintiffs' revised pleading—which represented plaintiffs' best effort—still failed to adequately allege a basis for demand futility. Judgment was entered on November 8, 2007.

---

[1] All further statutory references are to the Corporations Code unless otherwise indicated.

[2] In a separate appeal in this case, we affirmed the judgment of the trial court in favor of defendant.

[3] We address here only the question of fees and costs pursuant to section 800. To the extent that attorney fees or costs may be independently recoverable under a contract or another statute, liability for such fees or costs would not be limited by the amount of the bond.

Earlier in the case, defendant made a motion for security, seeking an order that plaintiffs "furnish a security in the amount of $50,000.00 pursuant to Corporations Code section 800, subdivisions (c) through (f)."[4] The trial court found that defendant met its evidentiary burden under section 800, subdivision (c), of showing there was no reasonable possibility the prosecution of plaintiffs' shareholder derivative claims would benefit the corporation or its shareholders. Accordingly, the motion was granted. In setting the amount of the bond, the trial court found that defendant's litigation expenses would likely exceed $50,000; therefore, plaintiffs were required to provide a bond in the amount of $50,000, the maximum permitted under the statute. (See § 800, subd. (d).)

After judgment was entered in defendant's favor, defendant filed its motion for attorney fees and costs. The notice of motion stated that defendant was moving the trial court for an award of attorney fees in the amount of $351,478 and costs in the amount of $9,848.71, for a total award against plaintiffs of $361,326.71. Defendant's motion argued that section 800 provided an independent statutory basis for recovery of all of its attorney fees and costs incurred in defending the action.

The trial court disagreed. In ruling on defendant's motion for attorney fees and costs, the trial court awarded defendant only $50,000 in fees and costs because it believed that "[t]he plain language of section 800 expressly limits a prevailing defendant's recovery of fees and costs to the amount of the posted security, in this case $50,000." Defendant's appeal followed.

## DISCUSSION

I. *Defendant's Right to Attorney Fees and Costs Under Section 800 Was Limited to the Amount of the Bond*

Defendant contends the trial court erred when it interpreted section 800 as limiting the recovery of attorney fees and costs under that section to the amount of the bond. Because this contention involves a question of statutory construction, our review is de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].)

A. *Principles of Statutory Interpretation*

■ "[C]ourts must begin with the language of a given statute as the purest expression of legislative intent." (*Gunther v. Lin* (2006) 144 Cal.App.4th 223, 233 [50 Cal.Rptr.3d 317].) " 'When interpreting a statute,

---

[4] The motion for security was filed on September 1, 2006.

we must ascertain legislative intent so as to effectuate the purpose of a particular law. Of course our first step in determining that intent is to scrutinize the actual words of the statute, giving them a plain and common-sense meaning. [Citation.] When the words are clear and unambiguous, there is no need for statutory construction or resort to other indicia of legislative intent, such as legislative history. [Citation.]' " (*Hale v. Southern Cal. IPA Medical Group, Inc.* (2001) 86 Cal.App.4th 919, 924 [103 Cal.Rptr.2d 773], quoting *Quarterman v. Kefauver* (1997) 55 Cal.App.4th 1366, 1371 [64 Cal.Rptr.2d 741].)[5] "The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent. [Citation.]" (*Green v. State of California* (2007) 42 Cal.4th 254, 260 [64 Cal.Rptr.3d 390, 165 P.3d 118].)

### B.   Overview of Bond Provision of Section 800

Section 800 addresses the terms and conditions under which a shareholder derivative action may be maintained. (*Hale v. Southern Cal. IPA Medical Group, Inc., supra,* 86 Cal.App.4th at p. 922.) The statute includes the provision at issue here that a plaintiff-shareholder may be compelled to furnish a bond as security for a defendant's anticipated litigation expenses, including attorney fees, which may be incurred in defense of the derivative action. (§ 800, subds. (c), (d).) "[T]he essential purpose of the section 800 bond statute is to create a deterrent to unwarranted shareholder derivative lawsuits by providing a mechanism for securing a prevailing defendant's expenses up to $50,000." (*Donner Management Co. v. Schaffer* (2006) 142 Cal.App.4th 1296, 1308 [48 Cal.Rptr.3d 534].) According to the statute, a defendant-corporation's motion to require a bond will be granted on a showing that "there is no reasonable possibility that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the corporation or its shareholders." (§ 800, subd. (c)(1).) Additionally, the same relief will be extended to a defendant who is an officer or director of the corporation if it is shown that said "moving party, if other than the corporation, did not participate in the transaction complained of in any capacity." (§ 800, subd. (c)(2).)

Subdivision (d) of section 800 sets forth the particulars of the relief afforded by the motion as follows: "At the hearing upon any motion pursuant to subdivision (c), the court shall consider such evidence . . . , as may be material (1) to the ground or grounds upon which the motion is based, or

---

[5] Defendant requests judicial notice of its extensive legislative history materials. Although that request is granted, we find it unnecessary to resort to legislative history in light of the clear wording of the statute.

(2) to a determination of the probable reasonable expenses, including attorneys' fees, of the corporation . . . which will be incurred in the defense of the action. If the court determines, after hearing the evidence adduced by the parties, that the moving party has established a probability in support of any of the grounds upon which the motion is based, *the court shall fix the amount of the bond, not to exceed fifty thousand dollars ($50,000), to be furnished by the plaintiff for reasonable expenses, including attorneys' fees, which may be incurred by the . . . corporation in connection with the action,* including expenses for which the corporation may become liable pursuant to Section 317. A ruling by the court on the motion shall not be a determination of any issue in the action or of the merits thereof. If the court, upon the motion, makes a determination that a bond shall be furnished by the plaintiff as to any one or more defendants, the action shall be dismissed as to the defendant or defendants, unless the bond required by the court has been furnished within such reasonable time as may be fixed by the court." (Italics added.)[6]

As the italicized portion of section 800, subdivision (d) above clearly states, the bond which may be required of the plaintiff as security for litigation expenses is *limited* in extent—that is, it may not exceed the amount of $50,000.

To summarize, the bond provisions of section 800 provide a measure of protection to the defendant in a derivative action by creating a mechanism by which the plaintiff may be required, as a condition of maintaining the derivative lawsuit, to supply a bond (not to exceed $50,000) as security for litigation expenses in the event the defendant ultimately prevails.[7] (See § 800, subd. (d) [a bond "not to exceed fifty thousand dollars ($50,000), to be furnished by the plaintiff for reasonable expenses"]; *Brusso v. Running Springs Country Club, Inc.* (1991) 228 Cal.App.3d 92, 105 [278 Cal.Rptr. 758] [derivative action must be dismissed if security is required but plaintiff fails to post it]; *Donner Management Co. v. Schaffer, supra,* 142 Cal.App.4th at p. 1309 [security posted under § 800 is enforced by prevailing defendant].)

---

[6] We note that subdivision (e) of section 800 gives a plaintiff the option of " 'avoid[ing] the inconvenience and delay of the motion proceeding' " (*Donner Management Co. v. Schaffer, supra,* 142 Cal.App.4th at p. 1304) by voluntarily posting a bond in the aggregate amount of fifty thousand dollars ($50,000) to secure the reasonable expenses of the moving defendant, in which case the plaintiff "has complied with the requirements of this section." (§ 800, subd. (e).)

[7] The bond is for the benefit of the corporation and also any individual defendants who succeed in the motion, but the $50,000 maximum is in the aggregate. (*Hale v. Southern Cal. IPA Medical Group, Inc., supra,* 86 Cal.App.4th at pp. 927–928.)

### C. *The Bond as Limiting Factor Under Section 800 Expense Recovery*

■   Having introduced the statute, we now proceed to the crux of this appeal. Defendant contends that section 800 authorizes the recovery of all attorney fees and costs incurred by a prevailing defendant in a derivative suit, regardless of the amount of the bond. We reject defendant's contention because the wording and structure of section 800 make it clearly a *bond or security* statute,[8] not an open-ended attorney fee *liability* statute.[9] Section 800, subdivision (c), defines the particular relief contemplated in the statute as an order "requiring the plaintiff *to furnish a bond* as hereinafter provided." (Italics added.) Section 800, subdivision (d), then specifies that "*the bond, not to exceed fifty thousand dollars ($50,000),*" is to be furnished by the plaintiff for "reasonable expenses, including attorneys' fees" that may be incurred in defending the action. (Italics added.) Section 800, subdivision (e), which allows a plaintiff to voluntarily post a $50,000 bond to comply with the statute, states the bond is "to *secure* the reasonable expenses of the parties entitled to make the motion." (Italics added.) As each of these provisions make clear, the statute is specifically designed to establish a vehicle for furnishing a bond to secure anticipated litigation expenses.

Aside from this bond protection, however, section 800 makes no mention at all of attorney fees or expenses. Indeed, the *only* references in the statute to attorney fees or other expenses are within the limited context of describing what the bond will secure. (§ 800, subds. (d), (e).) There is simply nothing in the language of section 800 to suggest that the Legislature intended to create an independent basis for recovery of attorney fees or costs *apart from recourse to the bond.* Of course, the Legislature is quite capable of drafting statutes that authorize awards to prevailing parties of all reasonable attorney fees or costs incurred in an action without limitation. (See, e.g., Civ. Code, §§ 1780, subd. (e), 1794, subd. (d); Gov. Code, § 12965, subd. (b); Code Civ.

---

[8] Generally speaking, the sole purpose of requiring a plaintiff to furnish a bond or undertaking as a provisional remedy is "to protect the defendant against loss incurred if the defendant prevails in the main action." (6 Witkin, Cal. Procedure (5th ed. 2008) Provisional Remedies, § 10, p. 32.)

[9] By an attorney fee liability statute, we simply mean a statute that authorizes the recovery of *all* reasonable attorney fees and/or other litigation costs to a prevailing party without any limitation. Such a statute would provide a basis for recovery of attorney fees and costs *independent* of any bond or security. This would be in contrast to a *security* or *bond* statute that (as here) requires a plaintiff to furnish a bond as security for anticipated attorney fees and costs of a defendant, but makes no provision for the recovery of such attorney fees and costs outside of recourse to the bond.

Proc., §§ 425.16, subd. (c), 527.6, subd. (i), 1036.) Here, however, the Legislature did not do so.[10]

Moreover, prior case law recognizes that section 800 is a bond or security statute. In *Freeman v. Goldberg* (1961) 55 Cal.2d 622 [12 Cal.Rptr. 668, 361 P.2d 244] (*Freeman*), the trial court dismissed a derivative action after the plaintiffs failed to post a bond as security for expenses pursuant to section 834 (the predecessor statute to § 800). The prevailing defendants filed a cost bill that included a request for attorney fees pursuant to the statute. On appeal from an order relating to the plaintiff's motion to tax costs, the question was raised whether attorney fees were recoverable in the absence of a bond. The Supreme Court answered that question in the negative, explaining that the statute "contains no provision for an award of attorney's fees where, as here, security is not furnished and the action is dismissed on that ground." (*Freeman, supra*, at p. 626.) The Supreme Court emphasized that "[s]ince the liability and remedy are created by statute, *there can be no recovery except by recourse to the security as provided by the statute*." (*Ibid.*, italics added.)

In *Alcott*, the trial court had awarded attorney fees under section 800 even though the prevailing defendants never brought a motion to require a bond and no bond was ever posted. In the appeal from the order granting attorney fees, the Court of Appeal noted there were two arguable constructions of section 800 concerning the availability of attorney fees under that section: "(1) Attorneys' fees are recoverable only out of the security, if posted; [or] (2) Prevailing defendants are entitled to their attorneys' fees." (*Alcott, supra*, 193 Cal.App.3d at p. 799.) Having framed the question, the court observed that the Supreme Court had already adopted the first construction in *Freeman, supra*, 55 Cal.2d 622. (*Alcott, supra*, at p. 799.) Accordingly, *Alcott* followed the Supreme Court's lead by confirming that section 800 was a " 'security' "

---

[10] We note the statute originally included the following words: "The corporation and the moving party shall have recourse to the security in such amount as the court shall determine upon the termination of the action." (Stats. 1975, ch. 682, § 7, p. 1572.) In 1982, this language was deleted from section 800, but only because it represented a duplication of nearly identical provisions set forth in the Bond and Undertaking Law (Code Civ. Proc., § 995.010 et seq.). (*Alcott v. M. E. V. Corp.* (1987) 193 Cal.App.3d 797, 800 [238 Cal.Rptr. 520] (*Alcott*).) As summarized in *Alcott*, the deletion did not in any way change the meaning of the statute: "No language was added to the section from which a legislative intention could be inferred to transmute a 'security' statute into a 'liability' one. The Law Revision Commission Comment to the 1982 amendment states: 'Section 800 is amended to delete provisions duplicated in the Bond and Undertaking Law. . . . The other changes in Section 800 are technical.' Code of Civil Procedure sections 996.440 and 996.460 simply restate the omitted language in greater detail." (*Alcott, supra*, at p. 800.) In our opinion, the fact that the statute once included language that the defendant "shall have recourse to the security," and that such language was removed only to avoid duplication with other statutes relating to bonds and undertakings further substantiates our conclusion that the statute was intended as a *security* statute with recourse for expenses to the bond itself.

statute, not a " 'liability' " statute (*Alcott, supra*, at p. 800), and hence in the absence of a bond, no attorney fees were recoverable. (*Id.* at pp. 799–801.)

We believe that *Freeman* and *Alcott* are in agreement with the limited construction of section 800 that we have adopted here. It is of course understandable that defendant would hope to find an independent basis in section 800 for the recovery of all of its attorney fees, which were in excess of $350,000, since the bond was only for $50,000, but we cannot insert into the statute something that is not there. "In the construction of a statute . . . , the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted." (Code Civ. Proc., § 1858.) Moreover, Code of Civil Procedure section 1021 states the basic rule that "Except as attorney's fees are *specifically provided* for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement . . . of the parties." Since the only attorney fees specifically provided for by section 800 are tethered to the bond, it would be entirely inappropriate for us to go beyond that limitation.

■ We conclude that section 800 means what it says and is a *bond or security* statute. (See *Hale v. Southern Cal. IPA Medical Group, Inc., supra*, 86 Cal.App.4th at p. 924 [when words of a statute are clear and unambiguous, there is no need to resort to further indicia of legislative intent].) And contrary to defendant's contentions, the statute does not provide for recovery of attorney fees and costs independent of the bond. Thus, section 800 merely allows the prevailing defendant in the derivative action to recover its attorney fees and costs by recourse to the bond, if one is posted, until the full amount of the bond has been exhausted. (*Freeman, supra*, 55 Cal.2d at p. 626 ["Since the liability and remedy are created by statute, there can be no recovery except by recourse to the security as provided by the statute."]; Code Civ. Proc., § 996.460, subd. (c) [liability against bond may be enforced until full amount is exhausted].)[11]

II. *Additional Issue Not Properly Raised**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[11] If a prevailing defendant desires to recover attorney fees or costs independent of the bond, or beyond the amount of the bond, it would have to look to legal or statutory authority other than section 800. (See fn. 3, *ante*; *Brusso v. Running Springs Country Club, Inc., supra*, 228 Cal.App.3d at p. 107 [§ 800 fees not exclusive; prevailing defendant may obtain fees based on Civ. Code, § 1717].) Here, we construe only section 800.

* See footnote, *ante*, page 710.

## DISPOSITION

The trial court's order is affirmed. Costs on appeal are awarded to plaintiffs.

Vartabedian, Acting P. J., and Dawson, J., concurred.