Filed 1/20/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ALBERT BARRIOS,<br><br>   Plaintiff and Appellant,<br><br>   v.<br><br>PATRICK CHRAGHCHIAN,<br><br>   Defendant and Respondent. | B341773<br><br>Los Angeles County<br>Super. Ct. No. BC605281 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Theresa Traber, Judge.  Affirmed.

Law Offices of Bruce Altschuld and Bruce Altschuld for Plaintiff and Appellant.

Ervin Cohen & Jessup and Barry McNaughton for Defendant and Respondent.

———————————

To guard against frivolous derivative suits, defendants can move to require the plaintiff to post a bond early in the litigation. (Corp. Code, §§ 800 [regarding derivative suits against *corporations*], 17709.02 [regarding derivative suits against *limited liability companies*].)  If the plaintiff loses the derivative suit, the defendant can collect its costs against the bond.  This

case presents an unusual twist on this bond situation. A losing plaintiff in a derivative lawsuit claims the bond statute *blocks* the defense ability to collect the costs that ordinarily go to victors.

This claim is invalid.

Albert Barrios invested in a business managed by Patrick Chraghchian and Joel Leebove. Barrios sued both, claiming that, under their direction, their limited liability company engaged in unauthorized transactions. Barrios lost the bench trial and lost the appeal from that bench trial defeat. (*Barrios v. Leebove* (Dec. 27, 2023, B326560) [nonpub. opn.].) We awarded costs to Chraghchian and Leebove. (*Ibid.*)

For reasons unknown, Leebove at this point disappears from our field of view.

The trial court awarded costs to Chraghchian. The court reasoned as follows. Chraghchian was the prevailing party, both at the bench trial and on appeal. The *trial* victory entitled Chraghchian to costs under subdivision (b) of section 1032 of the Code of Civil Procedure, which we will refer to simply as § 1032. The *appellate* victory meant Chraghchian should get his appellate costs under Rule 8.891 of the California Rules of Court, which we call Rule 8.891 for short. So, in relevant respects, the trial court denied Barrios's motions to tax Chraghchian's costs.

We refer to § 1032 and Rule 8.891 collectively as the "ordinary costs rules." The ordinary costs rules mean the victor usually is entitled to costs.

Barrios now appeals the court's denial of his motions to tax these costs. We affirm.

Barrios's central and sweeping argument is that, in this case, Corporations Code section 17709.02 trumps § 1032 and Rule 8.891 and bars any award of costs. (From now on, we cite section

2

17709.02 of the Corporations Code simply as § 17709.02.) Barrios reasons that he sued Chraghchian in a derivative action and he defeated Chraghchian's bond motion at the outset of the case. His victory on the bond issue, Barrios claims, insulates him from any cost award under these other cost provisions.

How exactly did Barrios defeat Chraghchian's motion for a bond? We do not know. At page five of his opening brief, Barrios cites a concise minute order from May 18, 2016, which states the trial court's ruling on the bond was more fully reflected in the court reporter's transcript of the hearing, but Barrios has not cited us to that transcript, if it exists in this record at all. The basis for Barrios's defeat of the bond motion remains a mystery.

Barrios's argument—that his victory about the bond shields him from a cost award—is doubly flawed: it lacks a statutory basis, and contrary case law forecloses it.

*Flaw one: no statutory basis.* The statute on which Barrios relies has no words supporting his argument. To provide a basis for Barrios's argument, these words, if they existed, would have to say something like *when defendants lose a bond motion, these defendants are not entitled to costs, even if they ultimately prevail in the lawsuit.*

The statute on which Barrios relies, however, does not say that.

How can we prove this negative? Our method will be tedious but definitive: we will quote the statute as Barrios quotes it to us, and we will observe the necessary statutory words do not exist. In fact, the statute *contradicts* his position, as we shall see.

3

Here goes this quotation, the length of which will try the patience of casual readers. As Barrios quotes it to us in his opening brief, § 17709.02 reads as follows:

"(a) No action shall be instituted or maintained in right of any domestic or foreign limited liability company by any member of the limited liability company unless both of the following conditions exist:

"(1) The plaintiff alleges in the complaint that the plaintiff was a member, of record or beneficially, at the time of the transaction or any part of the transaction of which the plaintiff complains, or that the plaintiff's interest later devolved upon the plaintiff by operation of law from a member who was a member at the time of the transaction or any part of the transaction complained of. Any member who does not meet these requirements may nevertheless be allowed in the discretion of the court to maintain the action on a preliminary showing to and determination by the court, by motion and after a hearing at which the court shall consider any evidence, by affidavit or testimony, as it deems material, of all of the following:

[. . .]

"(2) The plaintiff alleges in the complaint with particularity the plaintiff's efforts to secure from the managers the action the plaintiff desires or the reasons for not making that effort, and alleges further that the plaintiff has either informed the limited liability company or the managers in writing of the ultimate facts of each cause of action against each defendant or delivered to the limited liability company or the managers a true copy of the complaint that the plaintiff proposes to file.

"(b) In any action referred to in subdivision (a), at any time within 30 days after service of summons upon the limited liability

4

company or upon any defendant who is a manager of the limited liability company or held that position at the time of the acts complained of, the limited liability company or the defendant may move the court for an order, upon notice and hearing, requiring the plaintiff to furnish security as hereinafter provided. The motion shall be based upon one or both of the following grounds:

"(1) That there is no reasonable possibility that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the limited liability company or its members.

"(2) That the moving party, if other than the limited liability company did not participate in the transaction complained of in any capacity. The court, on application of the limited liability company or any defendant, may, for good cause shown, extend the 30-day period for an additional period not exceeding 60 days.

"(c)(1) At the hearing upon any motion pursuant to subdivision (b), the court shall consider evidence, written or oral, by witnesses or affidavit, as may be material to the ground upon which the motion is based, or to a determination of the probable reasonable expenses, including attorney's fees, of the limited liability company and the moving party that will be incurred in the defense of the action.

"(2) If the court determines, after hearing the evidence adduced by the parties, that the moving party has established a probability in support of any of the grounds upon which the motion is based, the court shall fix the nature and amount of security, not to exceed fifty thousand dollars ($50,000), to be furnished by the plaintiff for reasonable expenses, including

5

attorney's fees, that may be incurred by the moving party and the limited liability company in connection with the action. *A ruling by the court on the motion shall not be a determination of any issue in the action or of the merits of the action.* The amount of the security may thereafter be increased or decreased in the discretion of the court upon a showing that the security provided has or may become inadequate or is excessive, but the court shall not in any event increase the total amount of the security beyond fifty thousand dollars ($50,000) in the aggregate for all defendants. If the court, upon a motion, makes a determination that security shall be furnished by the plaintiff as to any one or more defendants, the action shall be dismissed as to that defendant or those defendants, unless the security required by the court has been furnished within any reasonable time as shall be fixed by the court. The limited liability company and the moving party shall have recourse to the security in the amount that the court determines upon the termination of the action." (Italics added.)

Missing from this lengthy block quotation are words like *when defendants lose a bond motion, these defendants are not entitled to costs, even if they ultimately prevail in the lawsuit.*

There is nothing even close.

In fact, our italicized portion of the statute -- "*A ruling by the court on the motion shall not be a determination of any issue in the action or of the merits of the action*" -- seems directly contrary to Barrios's claim that a ruling must be a determination of the cost issue. Chraghchian's brief makes exactly this point. Barrios's reply fails to respond, which effectively concedes the point.

In short, at minimum, Barrios's contention lacks a statutory basis.

*Flaw two: contrary case law.* The contrary case is *Brusso v. Running Springs Country Club, Inc.* (1991) 228 Cal.App.3d 92 (*Brusso*). *Brusso* was a corporation case rather than a limited liability company suit, so the statutory analog to § 17709.02 was at issue. That analog is section 800 of the Corporations Code (§ 800). This section is materially identical to § 17709.02, except it applies to corporations rather than to limited liability companies. (See *Sirott v. Superior Court* (2022) 78 Cal.App.5th 371, 383 [relevant provisions of these two statutes—one for corporations and the other for limited liability companies—are nearly identical].)

The entity in *Brusso* was a money-losing country club. This club was a corporation. It undertook a deal to try to resuscitate itself, and the documents for this deal contained an attorney fee clause. (*Brusso, supra,* 228 Cal.App.3d at p. 97.) Dissident shareholders challenged the deal in a derivative action that went to trial. The dissidents, including Dominic Brusso, lost the trial, and the victorious defendants moved for an award of attorney fees. Brusso said the usual fee statute did not apply because he had sued in a derivative action, and the analog to § 17709.02 barred the defense claim to attorney fees. (*Id.* at p. 99.)

The trial court rejected Brusso's contention. The Court of Appeal quoted the trial court's logic: " '[W]hen plaintiffs lose a shareholder's derivative action it seems appropriate that they, not the corporation, must bear the burden of costs and attorneys fees. After all, plaintiffs undertook the action because the corporation failed to act, and, as it turned out, for good reason. Therefore, they take the risk that they might have to pay if they

7

are unsuccessful. *Otherwise, they could prosecute frivolous lawsuits on the corporation's behalf without fear if only the corporation were liable.'*" (*Brusso, supra,* 228 Cal.App.3d at pp. 99–100, italics added.)

The Court of Appeal comprehensively affirmed this logic and this result. The derivative-suit analog to § 17709.02 did not repeal, or create an exception to, the general statute creating a right to attorney fees when the contract so specified. (*Brusso, supra,* 228 Cal.App.3d at pp. 100–102.)

The *Brusso* court's analysis of this issue is sound. Applied to this case, it bars Barrios's argument.

Barrios recognizes *Brusso* is a big problem for him and seeks to respond by characterizing the case as a mere "exception" to some more general rule he favors. Barrios would cabin *Brusso* as pertinent only to cases involving contracts with an attorney fee clause. This attempt to impose limits on *Brusso*'s logic is unsuccessful. *Brusso*'s main point was that the analog to § 17709.02 is a special purpose procedural statute that *does not create any exception* to more generally applicable rules. (*Brusso, supra,* 228 Cal.App.3d at pp. 100–102.) The more generally applicable rules that govern here are § 1032 and Rule 8.891—the ordinary costs rules. They govern, and not § 17709.02. Here, they entitled the victorious Chraghchian to his costs of suit, just as the trial court ruled.

Barrios cites two other precedents. Neither is on point.

*Freeman v. Goldberg* (1961) 55 Cal.2d 622 (*Freeman*) is not on point. *Freeman* held that a predecessor statute to § 17709.02's analog did not authorize an award of attorney fees to the defense when the court dismissed a derivative action because the plaintiff failed to post a bond. There were no *other* statutory

8

authorizations for an attorney fee award. (*Id.* at p. 626.) In this case, however, there *are* other statutory authorizations for the cost award: § 1032 and Rule 8.891. *Freeman* thus is irrelevant.

*West Hills Farms, Inc. v. RCO Ag Credit, Inc.* (2009) 170 Cal.App.4th 710 (*West Hills*) is not on point. Plaintiff West Hills, a shareholder in defendant corporation RCO, filed a derivative suit against RCO. RCO forced West Hills to post a $50,000 bond, and, after prevailing against West Hills on the merits, moved to recover fees and costs exceeding $350,000. The trial court limited RCO's recovery to $50,000, and the Court of Appeal affirmed this ruling. The key point was that the analog to § 17709.02 is simply a bond statute and not a general authorization for recovery of attorney fees, so the $50,000 cap on the bond limited RCO's recovery to $50,000. (*Id.* at pp. 717–719.) Nothing in *West Hills*, however, suggested § 17709.02 or its analog trumped § 1032 or Rule 8.891. *West Hills* thus is irrelevant.

In sum, the single pertinent precedent is *Brusso*, which invalidates Barrios's argument.

In different and skeletal contentions, Barrios briefly claims that no one ever served him with the court's amended judgment, or that there was service but it was untimely, or that the trial court ignored the defense's improper filings, or that "the order of the court violates California law in several ways." In a similarly abbreviated manner, Barrios asserts it is his "fervent belief that the trial court has engaged in such biased conduct that Appellant did not receive a fair trial."

Barrios has forfeited these cursory claims. His duty on appeal is to present reasoned arguments with citations both to the record and to governing legal authorities. Barrios's inadequate presentation of these issues in his opening brief

9

forfeits these arguments.  (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 & 156.)

**DISPOSITION**

We affirm the judgment and award costs to the respondent.


WILEY, J.

We concur:


STRATTON, P. J.


VIRAMONTES, J.